GORMAN, ET AL. v. THE PEOPLE.

1. OFFICERS DE FACTO—OFFICES DE JURE.—When there is an office duly created, public policy frequently requires that the official acts of the person actually filling such office and discharging the duties thereof shall not be questioned on the ground that the incumbent has no title to the office. This rule presupposes the existence of an office *de jure*. There is no principle of law under which a *de facto* court can be sustained.

2. LEGISLATIVE ACT ABOLISHING A COURT—SENTENCE.—A sentence imposed after the court pronouncing the same has been abolished by an act of the legislature, cannot be allowed to stand.

3. JURY MUST BELIEVE FROM THE EVIDENCE.—An instruction telling the jury "if they believe," omitting the words "from the evidence" is objectionable. It is not necessary in every instruction to repeat the words "if the jury believe *from the evidence*," etc., but the charge in this respect ought to be so clear that intelligent men will have this principle of law clearly before them when deliberating upon a verdict, particularly in criminal cases.

*Error to Criminal Court of Arapahoe County.*

Mr. H. E. LUTHE, for plaintiffs in error.

Mr. S. W. JONES, attorney-general, and Mr. H. RIDDELL, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Plaintiffs in error, James J. Gorman *et al.* were convicted in the court below of riot, and sentenced to confinement in the county jail of Arapahoe county for the period of sixty days. By an act approved April 19, 1889, the court in which the trial of defendants took place was abolished. This act contained no emergency clause, and under our constitution went into effect ninety days after its passage, to wit, on the 18th day of the succeeding month of July. These defendants were sentenced on the next day, July 19th.

The pretended judgment in this case cannot be allowed to stand.   Where there is an office duly created, public policy frequently requires that the official acts of the person actually filling such office and discharging the duties thereof shall not be questioned on the ground that the incumbent has no title to the office.   Were it not for this salutary rule of law, the administration of public affairs might be thrown into the direst confusion, and the functions of government suspended pending inquiry into the right to the office.   But this rule presupposes the existence of an office *de jure*.   There is no principle of law under which a *de facto* court can be sustained.   *Norton v. Shelby*, 118 U. S. 425.   At the time of the imposition of this sentence, there was no such court in existence as the criminal court of Arapahoe county, and the jurisdiction of the court to enter this or any other judgment cannot be maintained.

In view of a new trial, attention is called to another error appearing from this record.   The offense of which defendants were convicted is alleged to have been committed in the year 1889.   At the trial the jury were instructed upon the law of forcible entry and unlawful detainer; the charge upon this subject being based upon sections 1487 and 1488 of the general statutes of 1883.   These sections were expressly repealed by section 26 of an act approved April 10, 1885. Session Laws 1885, p. 224.

The last error assigned brings up for review the following part of the charge :

" So if you believe and are satisfied beyond a reasonable doubt that these defendants or any one of them * * * committed at the time and place mentioned in the testimony an unlawful act forcibly or violently, or a lawful act in a violent or tumultuous manner, you are warranted in finding a verdict of guilty. * * * "

This instruction is objectionable because it does not require the guilt of the defendants to be established *by the evidence* beyond a reasonable doubt to justify a conviction. This omission is not cured by any other instruction given

in the case, although the jury were instructed at great length, the instructions occupying ten closely printed pages of the abstract. We are not to be understood as holding that it is necessary in every instruction to say to the jury that they must believe *from the evidence;* but the charge when considered as a whole ought to be so clear in this respect that intelligent men will have this principle of law clearly before them when deliberating upon a verdict, particularly in criminal cases. It is doubtful, however, if this judgment should be reversed solely on account of such an omission in the charge. Jurors generally understand that they are to decide all cases solely upon the evidence introduced at the trial. In every case the oath administered to them calls for a determination of the issues upon the evidence, and in the absence of a showing to the contrary it is to be presumed that they have acted in accordance with this oath. See *Solomon v. Webster*, 4 Colo. 353; *Ingols v. Plimpton*, 10 Colo. 535.

The judgment is reversed and the cause remanded. It will be sent to the district court of Arapahoe county in accordance with the command of the statute abolishing the criminal court.

*Reversed.*