PEOPLE ex rel. BRADY v. BROOKFIELD, Commissioner of Public Works.

(Supreme Court, Appellate Division, First Department.　June 5, 1896.)

1. OFFICE AND OFFICER—VETERANS HOLDING POSITIONS—REMOVAL—NOTICE.
　　Under Laws 1888, c. 119, as amended by Laws 1892, c. 577, prohibiting the removal of any veteran from any nonconfidential city position to which he has been appointed, "except for cause shown after hearing had," a veteran holding such a position is entitled to notice of the specific charge which will be preferred against him, and of the hearing.

2. SAME—SUFFICIENCY—WAIVER.
　　The sufficiency, as such notice, of a letter requesting the incumbent to call at the office of the head of his department, to answer "charges" preferred against him for "neglect of duty," is waived where he appears in obedience to the notice, and, without objection that it does not specify the particular charges against him, proceeds with the hearing, defending himself against the charges made.

3. SAME—WITNESSES—NECESSITY FOR OATH.
　　Where the law does not require testimony taken in proceedings before heads of city departments for removal of subordinate employés for neglect of duty to be under oath, the fact that witnesses against defendant were not sworn will not be *held* prejudicial, when it appears that he testified himself without being sworn, and his evidence was considered.

Appeal from special term, New York county.

Application by James Brady for a writ of mandamus to compel William Brookfield, commissioner of public works, to reinstate relator in the position of acting inspector of paving.　From an order denying his motion for a peremptory writ, relator appeals.　Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. Blandy, for relator.

Terence Farley, for respondent.

PATTERSON, J.　The relator, claiming to be an honorably discharged Union soldier, and also an honorably discharged volunteer fireman, had been in the employment of the department of public works, as acting inspector of paving, from March, 1888, until the 15th of July, 1895, when he was removed by the respondent, then commissioner of public works.　He now claims that he was unlawfully removed, and did not have that notice and hearing to which he was entitled by the statute [1] of this state, as a discharged veteran soldier.　Under the provisions of such statutes, the relator was entitled to both notice and a hearing; that is to say, a right to defend himself upon a charge made against him.　The facts as they appear are that on the 8th day of July, 1895, the relator received a communication from the deputy commissioner of public works requesting him to call at the office of the respondent on the 11th of July, 1895, at 12 o'clock, to answer certain charges preferred against him for neglect of duty.　That was a distinct notification that there was

[1] Laws 1888, c. 119, as amended by Laws 1892, c. 577, prohibits the removal of any veteran from any nonconfidential position to which he has been appointed, "except for cause shown after hearing had."

a charge made against him of "neglect of duty," and it was, in fact, a notification that an investigation or hearing of the charge would be made on the day and at the hour appointed.   It was not a specific charge, and, if the relator had objected to being called upon to answer without a distinct specification, the insufficiency of this notice might have been a serious defect.   On the 11th of July, 1895, the relator appeared in obedience to the notice previously given, and without objection of any kind, and without requesting any delay, proceeded with the inquiry upon the charges made against him.   Statements were taken of witnesses as to the specific facts of the neglect of duty of which the relator was accused, and he, conducting his own defense, cross-examined the parties making such statements, made his own explanation, and the proceeding was conducted with formality, as the stenographer's minutes show; and the determination of the commissioner dismissing the relator was the result of an orderly procedure, taking the form of a trial, in all the procedure of which the relator acquiesced.

The particular point made on the appeal to us from the decision of the court below is that the witnesses against the relator at the investigation were not sworn.   The record does not show that an oath was administered to anybody, but the law does not seem to require that the witnesses be sworn in such a proceeding.   The relator's own denial and statements were not attested by oath, but were recorded and considered without it.   Having acquiesced in all that was done, and having deliberately made himself a party to the whole proceeding in the form and manner in which it was conducted, and there being nothing to show that there was any unfairness in the conduct of the commissioner, or that he has suffered from any prejudice or any wrong, we think the action of the court below in dismissing the proceeding under the writ was right, and that the order should be affirmed, with $10 costs and disbursements.   All concur.