STATE OF MINNESOTA ex rel. JAMES C. HAWES v. FRED C. BAR-
ROWS.

January 13, 1898.

Nos. 10,907—(33).

State Oil Inspector—Term of Office—Discharge of Deputy—Reinstatement—G. S. 1894, § 8041—Preference for Union Soldiers in Public Employment—Mandamus.

Under G. S. 1894, § 447, the term of office of the state inspector of illuminating oils is two years, or until his successor is appointed and qualified; and by section 449 of said statute he is authorized to appoint deputy inspectors in the different counties of the state, but whose terms are not designated by statute. It is further provided by G. S. 1894, § 8041, "that in every public department, and upon all the public works of the state of Minnesota, and the counties, towns, cities and villages thereof, honorably discharged Union soldiers and sailors who are properly qualified shall be preferred for appointment and employment." The term of office of F., who had been appointed inspector of illuminating oils, expired, and B. was duly appointed in his place. H., who was an honorably discharged Union soldier, was the duly-appointed deputy of F., and when B. was appointed as such inspector he notified H. that his term of office as such deputy had expired, and thereupon B. appointed S., who was not an honorably discharged Union soldier, in the place of H., who then applied to B. for reinstatement as such deputy, instead of applying for a re-

appointment or a new appointment. *Held,* that the term of office of H., as deputy inspector, expired with that of his principal, F., and that the application of H. for a writ of mandamus to compel B. to reinstate him as such deputy should have been denied.

Application to the district court for Hennepin county, on the relation of James C. Hawes, for an alternative writ of mandamus directed to Fred C. Barrows as oil inspector for Minnesota why he should not restore the relator to the office of deputy inspector of oil for Goodhue county. On the return day of the writ respondent moved to quash the writ for the reasons: (1) That the court had no jurisdiction to reinstate the relator, and (2) that it did not appear upon the face of the petition or writ that respondent knew, at the time of the appointment of Mr. Scott as deputy inspector, that relator was an honorably discharged Union soldier, or that relator had ever informed respondent of such fact. The motion was denied. From an order, Russell, J., granting a peremptory writ respondent appealed. Order reversed, writ quashed, and case remanded.

*George B. Edgerton,* for respondent.

The order is appealable. State v. Webber, 31 Minn. 211. As the term of office of the oil inspector is two years and no definite term is fixed for the deputy, the latter's term of office expired at the expiration of Mr. Foote's term when his successor was appointed. Throop, Pub. Off. §§ 582, 632; Smith v. Cansler, 83 Ky. 367; Boardman v. Halliday, 10 Paige, 223, 230; Greenwood v. State, 17 Ark. 332, 338. The term of the deputy ending at the expiration of his principal's term, it was the duty of relator to make application for reappointment and state the grounds upon which he relied for preference. He is clearly without remedy, because no application was made for reappointment, and because title to office cannot be tested by mandamus when there is another claimant. In re Wortman, 22 Abb. N. C. 137; People v. Hayt, 66 N. Y. 606; People v. Columbia, 20 Civ. Proc. R. 319.

Our statute relating to preference of soldiers appears similar to the New York statute. But there is no statute in Minnesota similar to N. Y. Laws 1890, c. 67. Sargent v. Gorman, 131 N. Y. 191.

The relator has not chosen the proper remedy. He has a remedy in the nature of quo warranto. Taylor v. Sullivan, 45 Minn. 309. Mandamus is not the proper remedy. G. S. 1894, § 5976; State v. Williams, 25 Minn. 340; People v. Goetting, 133 N. Y. 569; Torney v. Stiner, 11 Misc. Rep. 291; People v. Nicoll, 32 N. Y. Supp. 279; McDonald v. Mayor, 32 N. Y. Supp. 280; People v. Rupp, 90 Hun, 145; People v. Board, 89 Hun, 38; In re Torney, 23 Civ. Proc. R. 333.

*Ell Torrance* and *F. M. Wilson,* for relator.

The statute is silent as to the length of service of the deputy. If the appointment of Mr. Barrows as state inspector did not create a vacancy in the office of deputy inspector, his action in removing relator was unlawful. The proper remedy is by mandamus, since the title to the office is not in dispute except as it arises from respondent's wrongful act. It is the proper remedy when the rightful incumbent is wrongfully removed. Ex parte Wiley, 54 Ala. 226; Moses, Mand. 149; Merrill, Mand. § 148; High, Extr. Rem. § 67; Angell & A. Corp. § 704; Street v. County, Breese, 50; Nelson v. Edwards, 55 Tex. 389; Geter v. Commissioners, 7 Bay, 354; Metsker v. Neally, 41 Kan. 122; Leeds v. Atlantic City, 52 N. J. L. 332; Sargent v. Gorman, 60 Hun, 578, 131 N. Y. 191.

BUCK, J.

On May 23, 1895, and for a long time prior thereto, one H. W. Foote was inspector of illuminating oils for the state of Minnesota, holding said office under an appointment made by the governor of the state of Minnesota by virtue of G. S. 1894, §§ 444–458, which office is a public one, and the inspector of illuminating oils is a public officer of the state of Minnesota. On the day first above mentioned Foote, as such oil inspector, duly appointed and commissioned this relator, James C. Hawes, as deputy inspector of illuminating oils in and for the county of Goodhue, in this state, who duly qualified and entered upon the discharge of the duties of his office, and continued in the performance thereof until his removal from said office, as hereinafter stated. In the month of January, 1897, the term of office of said Foote expired, and this appellant, Fred C. Barrows, was duly appointed by the governor of this state to succeed said Foote as such inspector of oils, who duly

qualified and entered upon the discharge of the duties of said office, and is still acting as such oil inspector.

On February 6, 1897, Barrows, as such inspector of oils, served a written notice upon the relator, Hawes, that the latter's term of office as such deputy would expire on that date, and that he (Barrows) had appointed S. B. Scott, of Goodhue county, to the position of deputy oil inspector for said county in place of this relator. This notice, so served on the relator, was the first intimation which he had received that his term had expired, and the only one received by him as to the expiration of his term. The fees of said office amount to about the sum of $500 per annum. There were no charges of incompetency, nonfeasance or misfeasance in office against the relator, but he was and is in all respects competent to fill and properly discharge the duties of said office.

The relator, Hawes, is a resident of Goodhue county, where he has resided for 42 years, and for more than 30 years last past has been an honorably discharged Union soldier, receiving a pension from the United States government at the rate of $6 per month, while the appellant, Scott, is not an honorably discharged Union soldier or sailor, and it does not appear that he ever was in the military or naval service of the United States. The relator, Hawes, applied to said Barrows, inspector of oils, for reinstatement to the position of deputy inspector, on the ground that he was an honorably discharged Union soldier, and in every way competent and fit to discharge the duties of said office. Barrows admitted that the relator was a competent person, and possessed the necessary qualifications to discharge the duties of said office; that no complaint had been made reflecting on the relator's competency or fitness for the office, and no charges as to the manner he discharged the duties thereof; but refused to reinstate the relator upon the ground that it would be unsatisfactory to the friends of the state senator from Goodhue county to have the relator reinstated, and that for that reason, and upon that ground alone, he refused to reinstate Hawes to said office.

An application for a writ of mandamus to compel the reinstatement of Hawes was made and granted, but upon the further hearing the appellant moved to quash the writ, upon the ground that the

court had no jurisdiction in a proceeding of this kind to reinstate the relator. The motion was denied, and the appellant brings the matter to this court by appeal.

G. S. 1894, § 8041, reads as follows:

"That in every public department, and upon all the public works of the state of Minnesota, and the counties, towns, cities and villages thereof, honorably discharged Union soldiers and sailors who are properly qualified shall be preferred for appointment and employment. Age, loss of limb, or other physical impairment which does not in fact' incapacitate shall not be deemed to disqualify them, provided they possess the other requisite qualifications for the proper discharge of the duties of the position sought."

Section 447 of the same statute provides that the term of inspector of illuminating oils shall be for the term of two years, or until his successor is appointed and qualified. Section 449 of said statute also provides:

"The state inspector of illuminating oils shall, and is hereby empowered, to appoint such deputy inspectors in the different counties of the state as shall be necessary for the prompt and faithful performance of the duties required under this act, and such deputies are hereby empowered to perform the duties of the state inspector of illuminating oils and shall be liable to the same penalties as the state inspector; provided, that the state inspector may, at any time, remove any of the deputies for reasonable cause, and appoint others in their place. Such deputy inspector shall, when so appointed, before he enters upon the duties of his office, take a like oath or affirmation, and execute a bond as aforesaid, in a sum not less than one thousand dollars nor more than five thousand dollars, with good and sufficient sureties, which bond, with such sureties as shall be approved by the judge of the district court, shall be filed with his approval in the office of the clerk of the district court for the county to which said deputy is appointed."

The appellant does not question the constitutionality of said section 8041 or the policy of the law. The general rule seems to be well settled that the appointment of a deputy continues no longer than the term of office for which the principal was elected. "A deputation expires with the office on which it depends, and if the principal is reappointed the deputy must be reappointed also." Throop, Pub. Off. § 304. See, also, section 582 of the same authority, where the rule is laid down as follows:

"A deputy's commission, in the absence of any statutory provision to the contrary, runs only while the principal's term lasts. If the principal is re-elected or re-appointed, the deputy must be appointed anew. And where the office of sheriff devolves, under the statute, upon the undersheriff, by the death, resignation or removal of the sheriff, a general deputy of the former sheriff cannot continue to exercise his office, without a new appointment from the undersheriff upon whom the office has devolved, which must be executed with the formalities required by law in the case of an original appointment, and a new oath of office must be taken."

Numerous other authorities sustain this rule, and we think that it is founded upon sound principle.

But it is insisted that the statute imposes the same duties, liabilities and penalties upon the deputies as upon the principal inspector, and that, while the latter has the power of appointment, his power of removal is limited to that for reasonable cause. True, his own term is fixed by the express language of the statute, and the exact period of the deputies is not therein stated; but the general principles of law, other than statutory, are so well defined and settled with reference thereto that the legislature must be deemed to have passed the act in question upon the assumption that the term of the deputies is measured or limited by the tenure of the principal, viz. two years.

We are not unmindful of the scope and purpose of the law in question, and that the safety and protection of the people were the chief objects sought to be secured by the enactment of this law. But, if the term of the principal inspector could be safely limited to two years, there seems no good reason why that of the deputies should not then cease. Certainly, the office of principal inspector is equally important, if not to some extent more so, than that of deputy. Nor is the number of deputies authorized the test of the period or term which they are entitled to serve. The number authorized by the law is probably not the true measure of the number necessarily required. One deputy might properly discharge the duties of the office for many counties if the law was judiciously administered; and if, by operation of law, all deputies are summarily dismissed at the end of two years,—that is, when the office

of the principal inspector expires,—that is the fault, if fault it be, of the law, not of the courts.

It is argued that it is contrary to common justice that a party should be concluded unheard. That maxim is a just one. But the law presumes that he had notice when it fixed the period of the expiration of his term of office coeval with that of his principal; and, as the law presumes he knew when his own tenure of office expired, no other notice was required.

. That the law has been disregarded is quite clear. The practical enforcement of the law may be quite difficult, by reason of defects apparent upon the face of the law itself, but the remedy is with the legislature, and not with the court. Added to this unsatisfactory condition of the law, it must be noted and considered that the relator is not asking a reappointment or a new appointment. The ground of his right is based upon his asserted fact that he is still in law the deputy inspector of oils, and that, while mandamus will be denied to test a disputed title to office, it is the proper remedy when the rightful incumbent is wrongfully removed or suspended, and that it may be maintained to compel his restoration. The exact language in the brief of relator's counsel is that

"The purpose of this action is not to compel the appointment of relator to an office, but to have him reinstated to one from which he has been wrongfully removed, and to which his title is indisputable."

However sound the authorities which he cites may be, unfortunately for him the facts do not bring the case within the rules there enunciated. As we have already stated, the term of his office as deputy inspector, under the appointment from Foote, expired with that of the latter, and the relator had no greater right to the office than as though he had never held the office. Hence his remedy, if any he has,—which we do not decide,—was not through an application for reinstatement, but for a reappointment or a new appointment. Although the relator seems to have a meritorious claim, we are compelled, under the rules of law, to hold that the order must be reversed, and the writ of mandamus must be quashed.

The case is therefore remanded to the trial court from whence it came, with instructions to proceed in accordance with this opinion.