(24 Misc. Rep. 510.)

PEOPLE ex rel. GOETCHIOUS v. FOLLETT et al.

(Supreme Court, Special Term, Monroe County. September, 1898.)

1. MUNICIPAL OFFICERS—VETERANS—REMOVAL—WHAT CONSTITUTES.
    Failure to reappoint an ex Union soldier at the expiration of his term of office is not a removal, within Laws 1896, c. 821, declaring it a misdemeanor to remove a veteran except for cause.

2. SAME—PREFERENCE RIGHT TO OFFICE—HOW ENFORCED.
    To entitle an ex Union soldier to a preference in an appointment to a village office, under Laws 1896, c. 821, the application must formally set forth his right under the statute, so that the village trustees may know why he claims a preference.

Application for mandamus by the people, on the relation of Byron W. Goetchious, against William M. Follett and others, composing the board of trustees of the village of Seneca Falls. Denied.

MacDonald Bros., for relator.
R. G. Miller, for defendants.

DUNWELL, J. From the evidence reported by the learned referee, to whom the issues were referred under the alternative writ of mandamus, it appears that relator's appointment as policeman in June, 1896, expired by the termination of his term of appointment for one year, in June, 1897. His appointment in February, 1897, for one

_year, expired for the same reason in February, 1898. The conceded facts do not show this to be a case of removal from office. The evidence does not show that relator applied for appointment in February, 1898, within the meaning of chapter 821, Laws 1896. It appears that he did not request the appointment either orally or in writing. He . in no way laid before the board of trustees information that he desired the office. He made no claim to it upon the ground that he was an honorably discharged soldier or sailor. When the board .acted upon the appointments, there was no information before them to the effect that relator sought the position by virtue of his claim as a veteran. Some members of the board knew he was a veteran. One, at least, did not. They did not have the question presented to them, or have it under consideration when the appointments were being determined upon. The relator had held the position for several years, by reappointment annually. A member of the board presented his name, and it was considered among others, but did not receive sufficient votes for the appointment. It had not probably occurred to relator, in view of his former appointments, that it was necessary to formally apply, setting forth his claim as a veteran. But, in my view of the statute, such application is necessary. The violation of the statute is made a misdemeanor. The remedy by mandamus is given to right the wrong done by a refusal to obey the statute. How can there be a crime or a wrong where the appointing body is not put in the position of being required to act or pass upon the question? Besides, if the veteran desires an appointment upon that ground, it is no more than fair to the body to which he applies that he should plainly make known to them the reasons upon which he bases his claim to a preference.

It follows that I cannot adopt the findings or conclusions of the learned referee, but must deny the application for a peremptory writ of mandamus, but without costs. Ordered accordingly.