(121 App. Div. 478.)

PEOPLE ex rel. CATTERMOLE v. BENSEL, Commissioner, etc.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

MUNICIPAL CORPORATIONS — EMPLOYÉS — REMOVAL — RESTRICTIONS IN CIVIL
  SERVICE LAWS—WAIVER.

Where a veteran fireman in the service of the department of docks and ferries of the city of New York was summoned before the commissioner, and informed that charges had been preferred against him for disobeying written orders, and he was thereupon given a hearing, and his testimony reduced to writing, and he was discharged for the cause stated, without his claiming the protection of a hearing upon notice and formal charges, as provided by section 21 of the civil service law (Laws 1899, p. 809, c. 370, as amended by Laws 1902, p. 805, c. 270), until three months later, he waived his rights under the law.

Hooker, J., dissenting.

Appeal from Special Term, Richmond County.

Action by the people of the state of New York, on the relation of Henry M. Cattermole, against John A. Bensel, as commissioner, etc. From an order directing the issue of a writ of mandamus to compel the reinstatement of relator, defendant appeals. Reversed, and writ dismissed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

James D. Bell, for appellant.

George M. Pinney, Jr. (Warren C. Van Slyke, on the brief), for respondent.

MILLER, J. The relator asserts that he was discharged from a position in the service of the department of docks and ferries of the city of New York without a hearing upon due notice upon stated charges which he claims he was entitled to, pursuant to section 21 of the civil service law (Laws 1899, p. 809, c. 370, as amended by Laws 1902, p. 805, c. 270), by reason of the fact that he was a veteran fireman. The appeal is from a final order directing that a peremptory writ of mandamus issue to compel the reinstatement of the relator made after a trial. The appellant asserts that the relator failed to prove that he had served a term required by law in the volunteer fire department in any city, town, or village of this state, within the meaning of said section 21, and that, in any event, he waived his right to insist upon formal charges. We shall not consider the first question, as we are persuaded that the appellant must succeed upon his claim of waiver.

It appeared that the relator was summoned before the commissioner, and informed that charges had been preferred against him for diso--

bedience to written orders and. instructions; that thereupon he was given a hearing, his examination was reduced to writing, and he was informed by the commissioner that he should discharge him for neglecting to carry out written instructions, whereupon he was discharged. He did not claim the protection of said section 21 until three months after his discharge, and he now says that he did not find out until the lapse of said three months that he was a veteran fireman. Had he asserted the fact, the commissioner would undoubtedly have put the verbal charges into writing, and after due notice would have proceeded with a hearing which would have terminated precisely as the informal hearing terminated. Adequate reason for removal was disclosed by the examination of the relator, and he may have thought that his case would not be improved by a hearing on formal charges. But, whatever his reason may have been, the time to assert the right was when he knew the commissioner was proceeding with an examination for the purpose of determining whether he would' remove him. He could relinquish the right to formal charges, and his silence at such a time constituted such relinquishment. People ex rel. Brady v. Brookfield, 6 App. Div. 445, 39 N. Y. Supp. 677. The case of Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697, is not in point, because the removal of the relator in that case was consummated before he had any notice of it. He was given no opportunity to claim the protection of the statute, while in the case at bar an informal hearing was had, and, if the relator desired it to be more formal, he should have claimed the right then. His excuse for not doing so, to the effect that he did not discover until three months afterwards, a fact which, if it were a fact, must have been within his knowledge at the time, does not satisfy us.

The order should be reversed.

Order reversed, with $50 costs and disbursements, and writ dismissed. All concur, except HOOKER, J., who dissents.