PEOPLE ex rel. ROSS v. DOOLING et al.. Board of Elections.

(Supreme Court, Trial Term, Richmond County. December 4, 1908.)

MUNICIPAL CORPORATIONS (§ 198*)—EMPLOYÉS—DISMISSAL—VETERAN FIREMEN.
    To obtain the protection of Civil Service Law (Laws 1899, p. 809, c. 370) § 21, providing that a veteran volunteer fireman shall be removed only after a hearing on written charges, an employé, learning that his removal is contemplated, must inform his superior that he is such a fireman, with particulars enabling his superior to verify the statement, and a mere statement that he cannot be removed without a hearing on charges is insufficient.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 541–543; Dec. Dig. § 198.*]

Mandamus by the People, on relation of Alexander M. Ross, against John T. Dooling and others, composing the Board of Elections of New York City. Verdict for relator set aside, and writ dismissed.

Pinney, Thayer & Van Slyke, for relator.
Royal E. T. Riggs, Asst. Corp. Counsel, for respondents.

CRANE, J. Upon the trial of the issues presented by the alternative writ, the question was raised whether, on the evidence most favorable to the relator, he had not waived his right to written charges and a hearing. The matter was submitted to the jury with the understanding that the court would take briefs from counsel upon this point of law, and, if such was the position of the relator under the authorities, the verdict would be set aside. The whole question turns upon the duty of the relator to make known his right under section 21 of the civil service law (Laws 1899, p. 809, c. 370), when he knows that his removal is contemplated, and how fully he must state his position. The facts of this case are much more favorable to the relator than those of the decided cases declaring the principle which the respondent would apply against him. Briefly they are these:

The relator was chief clerk of the Richmond borough office of the board of elections, of which board the respondent John T. Dooling was president. In February, 1908, the relator having heard that his resignation was demanded, called at the New York office of the board and saw Mr. Dooling, stating in substance that he had been informed by the secretary that his resignation was wanted, to which the presi-

dent replied, "Yes, have you brought it with you?" To this inquiry the chief clerk replied that he did not intend to resign, and asked if the board made the request, and was told that the board had nothing to do with it, but that if he did not resign he would be removed. The relator then stated that he could not be removed, except on charges and a hearing before the board. Shortly thereafter he was removed. He did not inform the president, or any member of the board, that he was a volunteer fireman, having served five years, which was the fact, and entitled by reason thereof to written charges and a hearing, although two months after his removal he served a written demand for reinstatement containing those particulars.

To obtain the protection of section 21 of the civil service law was the relator bound to make known to the president at the time of his talk with him, or to some member of the board then or before his removal, that he was a veteran volunteer fireman, had served five years, and furnish some proof to justify his statement, or was the mere statement that he could not be removed without a hearing on charges sufficient? In other words, must the veteran state facts which his superior may verify, or is a statement of a conclusion of law sufficient? To say that one cannot be removed is a conclusion of law. According to Stuzbach v. Coler, 168 N. Y. 416, 61 N. E. 697, the fact of the subordinate being an honorably discharged soldier entitles him to a preference in employment, and not knowledge of that fact by the head of the department employing him; but this right is personal, and may be waived. Thus it was stated in People ex rel. O'Brien v. Porter, 90 Hun, 401, 35 N. Y. Supp. 811:

"As a party may waive any right which he may have, whether conferred by statute or otherwise, the relator's failure to call the attention of the commissioners, upon the hearing which took place, to his claim of right to the protection afforded by the statute, constituted a waiver of it. It was his duty to speak, and not to keep silent until after the commissioners had taken such action as they were authorized to take as against any person not within the shelter of the statute."

But what is "calling attention to his claim of right to protection?" Will the assertion, "You cannot remove me without written charges and a hearing," be such a claim? No claim of waiver was involved in the Stuzbach Case, supra, and in the O'Brien Case, from which the above quotation is taken, the relator made no claim to protection at any time during the hearing resulting in his removal. The question is best answered by a statement in People ex rel. McDonald v. Clausen, 50 App. Div. 286, 63 N. Y. Supp. 993, although the facts clearly show that no claim to protection was ever made:

"To charge a public official with notice of the fact that his subordinate employés are honorably discharged veterans requires that a distinct notice shall be given to the official in relation to the status of the employé as regards the office or employment which he holds or a record in the department from which that fact can be ascertained."

This is called in People ex rel. Robesch v. President, 190 N. Y. 497, 83 N. E. 597, a well-established rule, somewhat broadened by the following statement of it:

"I understand the rule now to be well established that, where an appointee or employé in the public service becomes aware of the intention of his superior in office to take steps to remove him from his position, it is incumbent upon such subordinate to make known to his superior the fact that he claims to be a veteran soldier, sailor, or fireman, if he desires to avail himself of the statutory privilege reserved to such veterans, unless his status has already been brought to the knowledge of the officer vested with the power of removal. * * * It is imposing no hardship on a veteran, when acquainted with the fact that his removal is in contemplation, to claim his privilege plainly and expressly, instead of relying upon notice by implication."

As the relator relied solely upon a certificate of his fireman's service, filed in the department of highways, which no provisions of law permitted or required, and never otherwise called the attention of his superior, the borough president, to his "claim of right," the above statements from the opinion of the Court of Appeals, if confined to the facts passed upon, would not answer the inquiry as to how plainly the employé must notify his superior of his claim to exemption. The same may be said of People ex rel. Brady v. Brookfield, 6 App. Div. 445, 39 N. Y. Supp. 677, and People ex rel. Cattermole v. Bensel, 121 App. Div. 478, 106 N. Y. Supp. 110. However, Judge Bartlett in his opinion in the Robesch Case intimates that, even if the filed certificate were notice, it was not sufficient to show that the relator came within the purview of the statute, for, while it stated that the relator was a "veteran exempt volunteer fireman," it did not say that he had served five years in some given city, town, or village of the state.

While none of the facts of the above case are similar to the conditions surrounding Mr. Ross' removal in this case by the election board, yet the conclusion necessarily reached from the expression in those cases of the rule or law, which must always be somewhat broader than the given facts, is that where an employé is a veteran soldier, sailor, or fireman, entitled to the privileges of section 21 of the civil service law, it is his duty, when he learns that his removal is contemplated, to inform his superior of the fact of his service as such veteran, and if he does not he waives his right; and this is not unreasonable, for he knows these facts, if any one does, and can easily state the nature, time, and place of service, and thus give others the opportunity to verify his claim. The civil service law does not contemplate or provide for any preliminary hearing to determine whether the employé is entitled to a hearing on charges, for veteran service is a matter of record within the knowledge of the employé, and it is expected that if he values that record he will readily point to it when claiming its privileges. It would be unreasonable to expect any employé merely to hint at it, and leave others to guess what it was, or search the files of many distant offices. The statute is a reward for honorable service, and if the employé has not pride enough in that service to declare it at any and every opportune moment he does not deserve the reward. This does not "whittle down the veteran's right," as suggested by counsel. It makes the veteran act a workable rule, instead of a catchtrap and hindrance. It makes known to the employer the previous public service of the subordinate, and encourages respect for that service.

Therefore I conclude that Mr. Ross, when he knew that his removal was contemplated or that his resignation was demanded, whether by the board of elections or the president of the board, was called upon to inform that board or its president, with whom he conversed, that he was a veteran fireman, and give sufficient information regarding the time and place of service as would enable them to verify the statements. What the motives of the president were in demanding his resignation have nothing to do with the case; for the relator knew, whether the reasons were good or bad, that his place was in jeopardy and his removal contemplated. If Mr. Ross did not realize his duties and obligations at the time of his talk with the president of the board, he had sufficient time (ten days) thereafter and before his removal to have addressed the board by letter, or to have filed with them a statement of the facts. He did none of these things, but relied solely upon his statement that he could not be removed without charges and a hearing. This, I say, was insufficient to preserve or insure his rights.

For the above-stated reasons, I shall set aside the verdict and dismiss the writ. Levy v. Grave Mills Paper Co., 80 App. Div. 386, 80 N. Y. Supp. 730; Glennon v. Erie R. Co., 86 App. Div. 397, 83 N. Y. Supp. 875.