## STATE EX REL. SAM CASTEL, ALSO CALLED SEBASTIAN CASTELNUOVO, v. VILLAGE OF CHISHOLM AND OTHERS.[1]

February 3, 1928.

No. 26,448.

**Notice of employe's rights under soldiers preference act.**

1. The soldiers preference act, G. S. 1923, §§ 4368, 4369, does not prescribe or require formal notice to the employer of the status of an employe under the act. It is sufficient if the officer or board having the power of appointment and removal has knowledge of the preference rights of the employe at the time such officer or board attempts to remove him.

**Relator fireman could not be removed without notice and hearing.**

2. It was the practice of the village council of Chisholm to make appointments of employes of the village annually at the beginning of each official year. Relator was appointed as a fireman in 1921, and thereafter reappointed at the beginning of each official year up to and including 1926. The appointments did not specify any term or time of service or date of expiration. He was discharged by action of the

[1]Reported in 217 N. W. 681.

council without notice or hearing on January 3, 1927, at the beginning of the then ensuing official year. *Held* that relator's employment was not for a fixed term and had not expired at the time of the attempted removal, that he was protected by the act mentioned and could not be removed without notice and hearing.

**Word "towns" construed to include villages.**

3. The word "towns" used in the act mentioned *held* to include villages.

**Decision affirmed.**

4. The findings of fact and conclusions of law are sustained, and no errors found.

Appeal and Error, 4 C. J. p. 1129 n. 60.
Municipal Corporations, 43 C. J. p. 918 n. 4 New, 8 New.

Alternative writ of mandamus in the district court for St. Louis county upon the relation of plaintiff, an honorably discharged soldier, to compel his reinstatement as a member of defendant's fire department pursuant to G. S. 1923, §§ 4368, 4369. Upon trial certain issues were submitted to a jury. There were findings for plaintiff, and defendants appealed from an order, Hughes, J. denying their motion for a new trial. Affirmed.

*Frank M. Talus,* for appellants (respondents below).

*Austin & Wangensteen,* for respondent (relator below).

OLSEN, C.

Appeal by defendants from an order denying their motion for a new trial.

The village of Chisholm was organized under L. 1885, p. 148, c. 145, and acts amendatory thereto. The relator, hereinafter referred to as the plaintiff, was an employe of the village as a member of its fire department from April, 1921, to January 3, 1927, at which time his employment was terminated by the village council. Plaintiff served as a soldier in the United States army in the World War and was honorably discharged in February, 1919, and was and is a citizen and resident of this state. He was discharged from his employment without notice or hearing and, so far as appears, with-

out cause. He promptly applied for a hearing and reinstatement and, being denied, brought this action by mandamus, under G. S. 1923, §§ 4368, 4369. The court after trial found in plaintiff's favor and directed judgment for his reinstatement in his employment and for recovery of wages.

1. It is contended that, as no formal notice had been given to the village council of plaintiff's rights under the preference law, therefore it had the right to terminate his employment without notice and hearing. The jury and the court found that the village council, before and at the time of the discharge, had knowledge of the fact that plaintiff was an honorably discharged soldier. The soldiers preference act does not require or provide for any formal notice. The New York cases cited in the briefs, People ex rel. v. Clausen, 50 App. Div. 286, 63 N. Y. S. 993; People ex rel. v. Dooling, 61 Misc. 358, 113 N. Y. S. 246; People ex rel. v. Atchinson, 68 Misc. 115, 123 N. Y. S. 577; Stutzbach v. Coler, 62 App. Div. 219, 70 N. Y. S. 901; Id. 168 N. Y. 416, 61 N. E. 697; and People ex rel. v. President, 190 N. Y. 497, 83 N. E. 597, establish the rule in that state, that it is incumbent upon the employe claiming rights under a soldiers preference act or other similar law to give notice or information of his status to the officer or board having power of removal at or before the time such board or officer takes action, "unless his status has already been brought to the knowledge of" such officer or board. And, in the case of Stutzbach v. Coler, 62 App. Div. 219, 70 N. Y. S. 901; Id. 168 N. Y. 416, 61 N. E. 697, it is further held that while the lack of such knowledge justified the comptroller in attempting to discharge the plaintiff, yet the discharge was not valid and it became the duty of the comptroller to reinstate him when promptly informed of plaintiff's status and rights.

The finding that the village council had knowledge of plaintiff's status in this case is sustained by the evidence and is sufficient on the question of notice. State ex rel. Meehan v. Empie, 164 Minn. 14, 19, 204 N. W. 572, 574.

2. It is urged that plaintiff was employed for a fixed or definite term and that his employment terminated without any action of the council, hence there was no wrongful discharge. There was an

annual village election. Three of the five members of the council were up for election each year. The president and clerk, who were members of the council, held office for one year only; the three trustees (the other members) held office for three years, and one trustee was elected each year. It was the practice to have an organization meeting of the council when the new or re-elected members took office after each election, and at such meeting to adopt and enter on the record a motion appointing the employes and minor officials of the village. Plaintiff was so employed in 1921, and was reappointed annually thereafter up to and including 1926, except that by reason of a change in the time of holding the election there was no such meeting in 1925. The last appointment of plaintiff was on January 2, 1926, and the motion read "that the following appointments be made, and that the services of those whose names do not appear on the list be discontinued, except the caretakers of detention hospital." Then follows a list of the names, including plaintiff's as "driver" at a salary of $150 per month. At the council meeting January 3, 1927, a somewhat similar motion was adopted, by which plaintiff's name was omitted from the list and another person appointed in his place, and plaintiff's employment thereby terminated.

It is claimed that plaintiff's employment was for a fixed term of one year; that each appointment was for a term of one year and terminated at the end of each official year; that as a majority of the members of the council were elected annually there was a new council each year, and one council could not appoint an employe for a longer period than its own term of existence. The cases of Matter of Tiffany, 179 N. Y. 455, 72 N. E. 512, and People ex rel. v. Follett, 24 Misc. 510, 53 N. Y. S. 956, so far as set out in appellants' brief, do not seem to have much application. In the first case it is said that the civil service act does not prevent an office from becoming vacant by operation of law through the expiration of the term fixed by statute; and in the second case it is said that the appointment was for the term of one year. In the case of Egan v. City of St. Paul, 57 Minn. 1, 58 N. W. 267, the question was whether or not the committee having the power to appoint could appoint for

a fixed term extending beyond the term of office of the majority of its members. If in that case the employe had been hired for no fixed term and had come under the soldiers preference law, there is no apparent reason why he would not have been entitled to remain in his employment until discharged after notice and hearing.

The Oikari case, 170 Minn. 301, 212 N. W. 598, holds that an employe of a municipality is removable at pleasure, unless the power of removal is restricted by statutory law.

The case of State ex rel. Hawes v. Barrows, 71 Minn. 178, 73 N. W. 704, holds that the term of office of a deputy appointed by a public official expires with the expiration of the term of his principal.

Plaintiff was not a deputy or employe of the village council. He was an employe of the municipality, the village. He was not employed for any fixed or definite term and, as held in the Oikari case, 170 Minn. 301, 212 N. W. 598, the council had power to remove him at pleasure "unless the power of removal is restricted by statutory law." In the soldiers preference act we find such restriction. The act is in the nature of a civil service law. It is intended to remove from the hazard of political changes the class of employes therein provided for. If the intention was that the terms of employes under that act should expire automatically at the expiration of the term of office of the appointing officer or board, the law would be of little benefit and would throw these employments back under the spoils system from which it is sought to remove them.

When the new village council took office on January 3, 1927, they found plaintiff occupying his position as an employe of the village. It would seem that if the act in question is to be given effect, he should not be removed without notice and hearing. It may seem that this law to some extent ties the hands of the council. But it must be kept in mind that members of the village council, like all public officials, are in office for the sole purpose of serving the public, of doing what will best serve and be for the best interest of that part of the public represented and served by them. And it is generally admitted that public interest is best served by continuity in service of employes who have had experience and have

shown their efficiency and value in their employment. It stands admitted that plaintiff was rendering efficient and entirely satisfactory service. Where, as here, the power of removal for any incompetency or misconduct is reserved, public interest and welfare apparently will be benefited rather than harmed by compliance with the act. Johnson v. Pugh, 152 Minn. 437, 189 N. W. 257. The powers of the appointing body are considered in the case of State ex rel. Meehan v. Empie, 164 Minn. 14, 204 N. W. 572.

That one employed by the village council for a temporary purpose or for a fixed term will cease to be an employe of the village without action of the council upon completion of the work he is employed to do, or upon the expiration of the time for which he is hired, is not here disputed.

3. It is suggested that the act does not apply to villages. It applies to all public works and departments of the state and to the counties, cities and towns thereof. The word "towns" is of somewhat general application and, under G. S. 1923, § 10933, it may be construed to include villages, unless such construction would be repugnant to the provisions of the act. There is no repugnancy here but rather persuasive reasons for construing the word, as here used, to include villages. It should be so construed.

4. It is assigned as error, but not argued, that the court erred in setting aside the answer of the jury to the second question submitted. The answer was clearly based upon an inadvertent direction of the court and was properly set aside. Holding that the findings of fact are sustained by the evidence, and the conclusions of law sustained by the findings, all questions raised are disposed of by what has already been stated.

Order affirmed.