## STATE EX REL. CARL W. TAMMINEN v. CITY OF EVELETH AND OTHERS.[1]

June 9, 1933.

No. 29,408.

[1]Reported in 249 N. W. 184.

230

*Victor E. Essling, Edward W. Peterson,* and *M. H. Greenberg,* for appellants (respondents below).

*Giblin & Manthey,* for respondent (relator below)'.

OLSEN, *Justice.*

The appeal is from an order denying defendants' motion for a new trial, after trial by the court and decision in favor of the plaintiff. For convenience we refer herein to Carl W. Tamminen as plaintiff and to the city of Eveleth, its mayor, and councilmen as defendants, unless otherwise stated.

There is not much dispute as to the facts. The city of Eveleth operates under a home rule charter and has a commission form of

government. The council, consisting of the mayor and four councilmen, governs the city. The mayor and councilmen are elected in November of each odd-numbered year and hold office for a term of two years. Plaintiff is an honorably discharged soldier who had served in the United States army in the world war. He was duly appointed to a position in the city clerk's office on January 7, 1930, without fixed term, and served as such until discharged and refused further employment on January 5, 1932, by the new council elected in November, 1931. On December 19, 1931, the plaintiff notified the new mayor and council members elected that he applied for the position of chief bookkeeper and general office worker in the city clerk's office, "which position has heretofore been called deputy clerk, and which embraces those duties that I have performed during the past two years of my appointment under whatever title or name the said position may be continued under the term beginning January 5, 1932." He further notified them of his army service and honorable discharge, and that he claimed preference under the soldiers preference act. 1 Mason Minn. St. 1927, §§ 4368, 4369.

On January 5, 1932, the new council, after going into office and organizing, by resolution purported to abolish the position and office of deputy city clerk, refused to appoint plaintiff to any position in the city clerk's office, and appointed one Axel Brandt as bookkeeper in the city clerk's office at a salary of $150 per month. The application of plaintiff for appointment, as before stated, was then before the council. The city charter does not name or establish any office of deputy city clerk. It does provide that the council may by ordinance create and discontinue offices and employments other than those prescribed in the charter. No ordinance has been adopted either creating or abolishing the office of deputy city clerk. Axel Brandt, appointed as bookkeeper, was not a person entitled to preference under the soldiers preference act, or otherwise. On January 18, 1932, plaintiff again notified the council of his preference rights and demanded a hearing and reinstatement to do the same work he had theretofore done in the city clerk's office. The

council took no action thereon. Shortly thereafter this mandamus action was commenced, and the court, after trial thereof, ordered that a peremptory writ of mandamus issue commanding the defendants to reinstate the plaintiff to the position held by him in the city clerk's office prior to January 5, 1932.

It appears from the evidence that for several years prior to 1932 an employe doing work in the city clerk's office had been called and referred to as deputy city clerk, and that the plaintiff, in his application for appointment in January, 1930, so named the position applied for and gave a bond to the city wherein he stated that his position was that of deputy city clerk. It also appears that on one occasion he purported to act as deputy city clerk in attesting an affidavit or oath by a third party and in a few other instances purported to act as deputy city clerk.

The defendants contend that plaintiff was a de facto officer, holding a de facto office, and that the council had abolished such office and therefore plaintiff was not entitled to reappointment.

The court found that the position occupied by the plaintiff in the city clerk's office prior to January, 1932, was that of a bookkeeper and general office clerk and that he was in fact not a deputy city clerk. The court further found that plaintiff's application was for appointment to do the same work he had done prior to January, 1932; that the council wrongfully and arbitrarily discharged him and refused to reappoint him and failed to make the investigation required or to have the hearing required by the soldiers preference act; that they employed Axel Brandt to do substantially the work which plaintiff had theretofore done; that in removing plaintiff from his position and failing to reinstate him the three members of the council who voted in favor thereof and in favor of employing Brandt in his place did so for political and personal reasons, or both; that the position held by plaintiff prior to January, 1932, and the position to which Brandt was appointed, was not that of a deputy of any official or department or a position or employment in strictly confidential relation to the appointing officer or officers.

■ The question whether plaintiff was, during his employment by the council prior to January, 1932, a de facto deputy city clerk or only a city employe has been extensively argued. The rule generally adhered to is that there can be no de facto officer unless there is a de jure office for him to fill. Norton v. Shelby County, 118 U. S. 425, 6 S. Ct. 1121, 30 L. ed. 178; 46 C. J. p. 1054, § 367, and note 6; Lang v. Bayonne, 74 N. J. L. 455, 68 A. 90, 122 A. S. R. 391, 15 L.R.A.(N.S.) 93, and annotations commencing on page 94. The rule is quite generally limited, or an exception thereto made, to this extent, that where by legislative act or municipal ordinance there is, in form, an office created and an officer elected or appointed to such office, then, although the legislative act or ordinance is unconstitutional or invalid, the officer appointed and acting thereunder is an officer de facto until the act or charter provision is declared by the courts to be unconstitutional or invalid. This rule has been followed in this state in Burt v. W. & St. P. R. Co. 31 Minn. 472, 18 N. W. 285, 289, and State ex rel. Bales v. Bailey, 106 Minn. 138, 118 N. W. 676, 19 L.R.A.(N.S.) 775, 130 A. S. R. 592, 16 Ann. Cas. 338, where the rule was applied to municipal courts acting under statutes or charter provisions which were held unconstitutional because the legislative acts providing for the establishment of such courts were unconstitutional. The same rule has been applied to officers acting under laws creating municipal corporations where such laws are thereafter held invalid. State ex rel. Hagan v. District Court, 90 Minn. 118, 95 N. W. 591, and cases there cited. The acts of de facto courts and de facto municipal officers acting under such laws, which, although unconstitutional or invalid, have not been judicially declared invalid, are upheld as to persons dealing with such officers on the ground of public policy, and the validity of their acts cannot be collaterally questioned.

■ Where, however, there is no law or ordinance even attempting to create an office or where the law or ordinance creating such an office has been held unconstitutional or has been repealed, no one can become an officer de facto by assuming to act in a wholly non-existing office. In re Quinn, 152 N. Y. 89, 46 N. E. 175; Daniel v.

Hutcheson, 4 Tex. Civ. App. 239, 22 S. W. 278; People v. Welch, 225 Ill. 364, 80 N. E. 313; Gorman v. People, 17 Colo. 596, 31 P. 335, 31 A. S. R. 350.

■ The court's findings that Axel Brandt was appointed to do substantially the same work in the city clerk's office as had theretofore been done by plaintiff, and that the three members of the council who voted to discharge plaintiff and appoint Brandt to do the work in the city clerk's office did so for political or personal reasons, or both, are sustained by the evidence.

■ Even if we were to hold that in his prior employment plaintiff was a de facto deputy city clerk and that the council abolished that office, which we do not hold, it does not follow that plaintiff was not entitled to be appointed or reappointed to do the work in the city clerk's office which he applied for. The same work remained to be done in that office after January 5, 1932, as before that date. Plaintiff had, as against Brandt, a preference right to be employed to do that work. As said by the court in its memorandum: "The law does not countenance the ousting of a soldier from an office by abolishing the name of the office just to get rid of a soldier." On the record here plaintiff was entitled to the position applied for whether or not he had theretofore been a de facto deputy city clerk. The court found on sufficient evidence that plaintiff was capable of performing the duties of the position applied for.

■ Defendants also ask for a new trial on the ground of newly discovered evidence upon an affidavit setting forth three alleged technical errors by plaintiff in bookkeeping entries during his prior employment. It is not claimed that any loss resulted to the city by reason thereof. Even if they stood unexplained, these alleged errors over a two-year period would not as a matter of law require a new trial. As fully explained in the counter affidavit of the plaintiff, they present no valid grounds for a new trial.

■ It is urged that the position before held by plaintiff was a position of a "strictly confidential relation to the appointing officer." The appointing officer here was the city council. We are not prepared to hold that the position occupied by plaintiff prior to

January 5, 1932, was one of a strictly confidential relation between plaintiff and the city council or between plaintiff and the city clerk. Certainly the position now applied for and now occupied by Brandt as plaintiff's successor is not such. We do not deem it necessary to review the authorities on what constitutes a strictly confidential relation under the soldiers preference act. The court, as before noted, has found contrary to defendants' contention on this point, and the evidence sustains the finding.

■ It is contended that plaintiff's term of office or employment expired on January 5, 1932, at the time the new council took office. There is authority for the proposition that the term of office of a deputy expires with the term of the officer or principal appointing him. State ex rel. Hawes v. Barrows, 71 Minn. 178, 73 N. W. 704. There is authority for the further rule that the employment of an employe of a city or municipality does not terminate with the expiration of the term of office of the council or board which employed him unless the appointment was for a fixed term expiring at the same time. State ex rel. Castel v. Village of Chisholm, 173 Minn. 485, 217 N. W. 681. It is attempted to distinguish this case from the present action by saying that the fireman there in question was an employe of the village, while here plaintiff was an employe of the city council. The plaintiff here, as in that case, was appointed by the municipal council, not as an employe of the council, but as an employe of the municipality. We find no distinction. In any event, plaintiff's preference rights to reappointment to or retention in service in the position depends on the soldiers preference act and not on whether his term of employment had expired.

The order appealed from is affirmed.