[No. 5047.]
[No. 2611 C. A.]

## CHRISTY V. CAMPBELL.

1. **Appellate Practice—Separate Appeal—Parties.**

In an action where judgment was rendered in the district court against the principals and sureties of an appeal bond on an appeal from the county court, it was not necessary for the principal on appeal to the supreme court to make the sureties parties under Mills' Ann. Code, §400, authorizing a separate appeal, and providing that for the purpose of appeal the party appealing shall be permitted to use the names of all persons against whom judgment was rendered if necessary.—P. 262.

2. **Practice in Civil Actions—Complaint—Fraud and Misrepresentation.**

A complaint alleging that plaintiff and defendant were owners of certain interests in a mine; that defendant represented to plaintiff that a person, whose identity he did not disclose, was ready to buy the mine for a certain sum, and thereby induced plaintiff to convey his interest to defendant in accordance with said offer; that at the time of defendant making such representations the prospective purchaser offered and agreed to pay defendant, for himself and associate owners of the property, a much larger sum than defendant had represented to plaintiff, all of which defendant well knew, but concealed from plaintiff; that the statements so made by the defendant were false and were so known by him to be false, and were made by him for the purpose of cheating and defrauding plaintiff; and that plaintiff, relying upon such representations, executed a deed to defendant for his interest in the property upon the terms proposed, states a cause of action.—P. 263.

3. **Appellate Practice—Record—Evidence—Relevancy.**

Where none of the testimony taken on the trial appears in the abstract, except certain questions and objections and the rulings of the court thereon excluding the answers, such alleged erroneous rulings cannot be reviewed on appeal, as it is impossible to determine from such record whether the evidence was relevant or not.—P. 264.

4. **Same—Instructions—Evidence—Abstract.**

Where instructions offered by the defendant and refused by the trial court relate to the effect of testimony, and such testimony is not copied into the abstract, the alleged erroneous action of the court cannot be reviewed on appeal.—P. 264.

5. Same—Assignments of Error—Briefs—Abandonment.

Where the objections to instructions are not mentioned in the brief of counsel on appeal, it will be presumed that an assignment of error in relation thereto has been abandoned.—P. 264

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

Action by E. C. Campbell against Robert A. Christy. From a judgment in favor of plaintiff, defendant appeals.. *Affirmed.*

Messrs. VANATTA & WOODRUFF and Mr. W. K. BROWN, for appellant.

Mr. H. McGARRY, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

Judgment was rendered in the district court of El Paso county against Robert A. Christy and the sureties upon a bond given to carry the case by appeal from the county to the district court. The defendant Christy prayed, and was allowed, a separate appeal to the court of appeals; the other judgment debtors were not made parties in the court of appeals. A motion to dismiss the appeal was made, and denied with leave to renew on final hearing.

Section 400 of the code authorizes a separate appeal, and provides that for the purposes of appeal the party appealing shall be permitted to use the names of all persons against whom judgment was rendered, if necessary. It is urged that, although one person may appeal when a joint judgment is rendered, all persons against whom judgment was rendered should be made parties in the appellate court. The code authorizes the use of the names of all such persons if necessary. No necessity for the use of the names of such persons appears to be present in this case; and the motion to dismiss the appeal will be denied.

The complaint sets forth, in substance, that the plaintiff was the owner of a one-tenth interest in a certain mine in the Cripple Creek district; that the defendant was also the owner of an interest therein; that the defendant came to the plaintiff and informed him that a person, whose identity he did not disclose, was willing to buy the said lode for the sum of three thousand dollars, fifteen hundred dollars in cash, the balance to be paid in mining stock of the value of fifteen hundred dollars; that the defendant also stated to plaintiff that he was willing to sell his interest in said property upon the said terms, and that he believed the other owners were also willing to sell on said basis; that the defendant represented that the said prospective purchaser was unwilling to pay more for the said property, and that he, the defendant, believed the amount offered a fair price for the property and that no better price could be obtained therefor; that at the time of the making of said representations the said proposed purchaser had offered and agreed to pay the defendant, for himself and associate owners of said property, the sum of forty-five hundred dollars cash therefor; all of which the defendant well knew, but which he concealed from plaintiff; that the mining stock mentioned was of no value, which fact the defendant well knew; that the statements made by the defendant were false and were known by defendant to be false, and were made by him for the purpose of cheating and defrauding plaintiff; that, relying upon said representations, the plaintiff executed a deed to defendant for his interest in the property upon the terms proposed by defendant; that he received one hundred and fifty dollars in cash, but that said mining stock was never delivered to him; that thereafter the property was sold for the sum of forty-five hundred dollars cash to the same person who had previously offered defendant

said sum. The prayer is for judgment for three hundred dollars, being one-tenth of the sum of forty-five hundred dollars, less one hundred and fifty dollars.

The complaint, we think, states a cause of action.

None of the testimony taken on the trial appears in the abstract. The defendant recalled a witness for further cross-examination, and propounded one or two questions, answers to which the court did not receive. These questions and the objections, and the rulings of the court thereon, are copied from the bill of exceptions into the abstract. This was offered as a foundation, so it is said, for impeachment of one of plaintiff's witnesses, and error is assigned upon the ruling of the court rejecting the testimony; but as this is the only testimony before us, we cannot say whether it was relevant or not, and cannot, therefore, say that the court committed error.

The instructions offered by the defendant and refused and not given relate to the effect of testimony, and as the defendant has not copied into the abstract any portion of the bill of exceptions, except what we have mentioned, we cannot review the action of the court in refusing the instructions.

The court erred, it is said, in the giving of certain instructions. As the objections to these instructions are not mentioned in the brief of counsel, we conclude that the assignment of error in relation thereto has been abandoned.

The jury assessed the plaintiff's damages at the sum of three hundred dollars, being one-tenth of the amount received for the property, less the amount the plaintiff received. As no error has been pointed out, we must affirm the judgment.

*Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.