[No. 6330.]

## GILL v. SCHNEIDER.

1. **Evidence—Admissibility**—In an action commenced before a justice of the peace upon a contract, by which, as plaintiff testified, the defendant had agreed to remove certain tumors from the person of plaintiff, plaintiff produced receipts subscribed by defendant, each expressed to be "for one month's treatment," and written upon the back of defendant's business card. The card, in addition to the name and address of defendant, bore the words "Can remove cancers and tumors without operation or drugs." The card was held admissible in corroboration of the testimony of the plaintiff.—(384, 385)

2. **Instructions—Not Directing the Attention of the Jury to the Evidence**—In two instructions, the jury were told that if they should "find" certain facts, their verdict should be for the plaintiff, not qualifying this direction by any reference to the evidence. In another part of the charge the jury were told that if they did not believe "from the preponderance of the evidence," all the facts upon which the plaintiff's action depended, she could not recover, and that unless they believed "from the preponderance of the evidence" that plaintiff had sustained damage as she claimed, they must find for the defendant. Held that the jury could not have been misled.—(385-387)

3. **Appeals—Abstract**—Where the abstract does not purport to set forth all the evidence, error assigned upon an instruction

as not based upon the evidence, will not be considered, unless it appears in the abstract that the evidence omitted does not relate to the subject-matter of the instruction.—(387)

The court will not, in such case, consider the sufficiency of the evidence to support the judgment.—(387)

4. Instructions—Exceptions to—How to be Stated—A general exception to the refusal of a series of instructions, some of which are clearly improper, and others given in another connection, will not ground an assignment of error.—(387)

*Appeal from El- Paso County Court* — Hon. ROBERT KERR, Judge.

Mr. JOHN W. KRIGER, and Mr. W. N. SWIFT, for appellant:

Mr. JOHN M. JOHNSON, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was commenced before a justice of the peace and taken on appeal to the county court. There are no written pleadings. From the evidence, it appears that the action is to recover damages for an alleged breach of contract. The plaintiff was afflicted with tumors, and the evidence on her behalf showed that the defendant guaranteed to remove those tumors in three months, by means of her particular mode of treatment. The plaintiff was to pay the defendant $50.00 for the first month's treatments and $40.00 for each of the other two months; the payments to be made monthly in advance. The plaintiff made these payments, as required, in all $130.00. The plaintiff claimed that the treatments did not remove the tumors, or relieve them, and that she had to have them removed by an operation performed by a regular physician. Plaintiff also claimed that besides paying out the $130.00, she was otherwise damaged by loss of time in her occupation

as a cook, in consequence of the failure of the defendant to perform her contract. The first contention of the defendant is that the court erred in denying her motion to require the plaintiff to elect whether she sought to recover for breach of contract or for fraud. No such motion appears in the printed abstract. Furthermore, there was no basis for such a motion in the case. At the time arrangements were first made for treatments, the plaintiff received from the defendant a receipt for the first month's compensation, written on the reverse side of one of defendant's printed business cards. The card and the receipt on the reverse side were as follows:

"ELMA M. GILL

"THE ELECTRO BIOLOGIST

"Can cure any and all chronic diseases, also remove cancers and tumors without operation or drugs. 217 S. 4th Street. West Colorado Springs.

"Received from Mrs. Schneider $50.00, being payments in full for one month's treatments, dating from Sept. 22nd.          ELMA M. GILL."

The receipt for the payment for the second month's treatments was written on the reverse side of a similar card. The receipt for the third month's treatments was written on ordinary writing paper. The two cards and the receipt on paper were put in evidence by the plaintiff, and defendant now claims that the court committed error in admitting the two cards upon which the receipts were written. It is difficult to understand in what particular the defendant claims it was error to admit these cards. She does not make her reasons for the alleged error plain. The objection made below went to the three receipts, seemingly because of the printed matter on

the back of the two cards. The three receipts would have been excluded had the objection been sustained as made. The receipts were certainly admissible in evidence as tending to prove the payment of the consideration to the defendant. The plaintiff's testimony tended to show that the agreement was, not that the defendant would treat the plaintiff for the tumors, but that the defendant would, in three months, remove the tumors. It will be noticed that the matter on the cards did not, in any manner, qualify or limit the ability of the defendant to perform those things which the card said she could do, and for this reason, if for no other, the printed matter was admissible in evidence for what it was worth, as tending to corroborate the claim of plaintiff.

In two of the instructions, the jury were told by the court that if they found certain facts, their verdict should be for the plaintiff. The defendant says that the court committed error in prefacing the instructions by the words, "if you find" instead of "if you find from the evidence," and calls attention to several decisions in this court where the instructions were prefaced by the words, "if you believe" instead of "if you believe from the evidence." To avoid contention, it will be assumed with the defendant, for the purpose of this case, that the words "if you find" have the same import and leave the same impression as the words "if you believe." In *Salomon v. Webster,* 4 Colo. 353, it is said that an instruction prefaced by the words "if you believe," without adding "from the evidence" is objectionable, "and in a case where the evidence is quite evenly balanced, might be a ground of reversal." In *Ingols v. Plimpton,* 10 Colo. 535, it was said at page 539 that an instruction beginning "if you believe," without adding the words "from the evidence" was faulty, if standing alone. In *Gorman v. The People,*

(25)

17 Colo. 596, it was said of such an instruction: "It is doubtful, however, if this judgment should be reversed solely on account of such an omission in the charge. Jurors generally understand that they are to decide all cases solely upon the evidence introduced at the trial. In every case the oath administered to them calls for a determination of the issues upon the evidence, and in the absence of a showing to the contrary it is to be presumed that they have acted in accordance with this oath." In this case the instructions objected to do not stand alone. In addition to the oath administered to the jury in which they were told to determine the issues upon the evidence, the court, in one instruction, told the jury that they must believe from a preponderance of the evidence all the facts (reciting them) upon which the plaintiff could recover, before they could award her damages, and if they did not so believe from the preponderance of the evidence, she could not recover, and in another instruction the court told the jury that the burden of proof was upon plaintiff to sustain the issues by a preponderance of the evidence for the amount which she claims, and unless they believed from a preponderance of the evidence that the plaintiff had sustained damages as stated in her proof, they must find for the defendant. The jury certainly understood from these instructions that they must find the facts from a preponderance of the evidence. In instruction No. 5, the court instructed the jury that when a person sends out business cards, stating their ability to do and perform certain things, the law holds them to an accountability to perform those things. The defendant objects to this instruction because it is not based on any evidence, and for no other reason. There was evidence concerning the business cards of the defendant, shown in the abstract. The first receipt given to the plaintiff, at the time the con-

tract was made, was written on one of these business cards, and so was the second receipt. There was also other evidence about the business cards shown in the abstract. Besides all this, a great deal of the evidence is omitted from the abstract as plainly appears therefrom. If parties desire an objection to an instruction to be considered because it is not based on evidence, it should at least appear in the abstract that evidence omitted does not relate to the matter covered by the instruction. Ten instructions were requested by the defendant and refused by the court. In excepting to the refusal to give these instructions, the exceptions were not made separately to the refusal of each of the instructions as requested, but the exception was to the refusal of the court to give the requested instructions as a whole. The matter contained in some of the instructions requested was sufficiently covered by the instructions given. Some of the requested instructions were clearly wrong. Under such circumstances, the court did not err in refusing to give the requested instructions as a whole. Notwithstanding this state of the exceptions, the instructions requested have all been carefully examined. The matter contained therein, which should have been given to the jury, was sufficiently covered by the instructions given, and the matter not in the instructions given ought not to have been given. The matter of evidence cannot be gone into for the reason that the evidence appearing in the abstract is conflicting, and further it appears from the abstract itself that much of the evidence has been omitted. There is no reason why this judgment should be reversed. It is, therefore, affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.