Cunningham, Judge.
The motion to dismiss this appeal has heretofore been denied by the supreme court, from whence the case came by transfer to this court. However, the order of the supreme court denying the motion to dismiss the appeal reserved to appellee the right to renew the same on final hearing, and it is again pressed.
As nearly as we can gather from the abstract, appellee, as plaintiff below, brought his action in the nature of forcible entry and detainer to recover possession of certain lands claimed by him as a homestead in virtue of a full compliance with the federal laws, and certain decisions and orders of the general land office. Appellee also alleged and prayed for damages.
Defendant does not claim title to the land, but insists in his complaint that he is entitled to retain possession thereof for a reasonable time in which to remove certain improvements which he had placed on the land, or oil one eighty of it, there being a quarter section involved, while occupying it under lease from the state. This lease appears to have resulted from a misapprehension on the part of the state whereby it was for a time *218 assumed that the land in question belonged to the state rather than to the federal government. On the trial appellant, defendant below, offered no evidence whatever, hence the value of his improvements was not established. The judgment of the trial court awarded the possession to appellee, but allowed him nothing by way of damages. Clearly, no appeal would lie from a judgment of this character, under the rule recently announced by this court in Monte Vista Canal Co. v. Centennial Co., 22 Colo. App., 364; 123 Pac., 831-3.
The motion to dismiss the appeal was well taken, and must therefore be granted. But the appellee did not limit his appearance, when filing his motion to dismiss the appeal, and he has since filed a brief, thereby (if he had not already done so) entering a general appearance. The appeal'must, therefore, be dismissed, and the case re-entered as pending on error, and thus considered and disposed of.
Six witnesses were sworn and examined on behalf of appellee and cross-examined by appellant. Their testimony covers one hundred seventy-five folios. In addition to this testimony, appellee introduced nine exhibits, consisting of plats, correspondence, and other documents. To all of this evidentiary matter, but. four pages of the abstract are devoted. The exhibits are not abstracted at all, but simply referred to, and no objection to the evidence appears in the abstract, nor is the decree incorporated therein. In this state of the record, it is manifestly not our duty to determine whether the trial court committed error or not, and its judgment will not be disturbed. Slaughter v. Strause, 20 Colo. App., 485.

Affirn\ed.