Cunningham, Judge.
Appellee, plaintiff below, brought his action in ejectment, alleging title in fee and right of possession to certain lands in Yuma county. Appellant filed a general denial, and also alleged title in itself based upon a treasurer’s tax deed, and a correction or additional tax deed based upon the same sale.
1. In support of his title, appellee offered a sheriff’s deed, in the customary form, so far as the abstract, discloses. Appellant objected to the offer-of the sheriff’s deed, basing its objection on the failure of appellee to offer in connection therewith the decree óf the court,' orany other preliminary paper from the judgment roll," on *400 which said deed was based. Counsel for appellant has called our attention to numerous decisions from other states to the effect that a sheriff’s deed unaccompanied by proof of the judgment or execution from which said deed emanates is insufficient to support title to the land it purports to convey. Doubtless this is the common law rule, but, as Professor Wigmore, in his work on Evidence, Yol. 3, Sec. 1664, says:
“But practical convenience seems in experience to have demanded the latter and not the former result; [By ‘latter result’ the author refers to the presumption of regularity of official conduct by virtue of which the deed without the decree has been held by some courts to be admissible] so that statute has in many, perhaps most, jurisdictions, interfered to exempt from production of the judgment roll or a copy of it, and to permit the sheriff’s recitals to suffice.”
Our statute pertaining to deeds by a sheriff reads as follows:
“Any deed so executed shall be evidence that the provisions of law in relation to sales of land upon execution were complied with, until the contrary shall be shown, and such deed shall be considered as conveying to the grantee therein named all the title, estate and interest of the defendant or defendants, in the execution therein named, in and to the lands thereby conveyed, of whatsoever nature the same may be. * * *” — Section 3548, E.S.
It is not necessary, in order to uphold the ruling of the trial court admitting the sheriff’s deed, to determine whether the decree of a court ordering the sale of lands and the execution based thereon are a part of, “the provisions of the law in relation to the sale of lands upon *401 execution.” Counsel for appellant stoutly contends that this section of our statute must be limited to the acts of the sheriff after the execution came into his hands, and that no presumption may be indulged in favor of the recitations found in a sheriff’s deed which pertain to matters occurring anterior to the issuance of the execution' and the placing of the same in the officer’s hands. This view would seem to nullify or render meaningless the second clause in the sentence constituting section 3648, reading:
“And such deed shall be considered as conveying to the grantees therein named all the title, estate and interest of the defendant or defendants, in the execution therein named, in and to the lands thereby conveyed, of whatsoever nature the same may be.”
It is our conclusion that the trial court properly admitted the sheriff’s deed. This deed ran to appellee’s grantor and is the only link in appellee’s chain of title that was questioned, hence his title, unless extinguished by the tax deed offered by appellant, is unassailable.
2. Appellant appears to rely principally upon the second tax deed issued to it. But whether this be true or not, we shall limit our consideration of its title to said deed, since it is impossible from the meager abstracting of plaintiff’s first tax deed to determine that the trial court committed error in excluding it.
The tax deed was fatally defective in* at least one other particular: it nowhere contains a statement of the amount of subsequent taxes paid by appellant on the land in question, that is, taxes assessed on the property subsequent to its sale. This is a substantial departure from the form of tax deed prescribed by section 3901, M. A. S.—Barnett v. Jaynes, 26 Colo., 282; Carnahan v. Sieber C. Co., 34 Colo., 257.
*402 Decided November 11, A. D. 1912.
Rehearing denied December 16, A. D. 1912.
From the foregoing, it is clear that the trial court committed no error in excluding the tax deed offered by appellant, and the judgment must be affirmed.

Affirmed.