[No. 8449.]

## MULLEN ET AL. V. GRIFFIN.

1. MALICIOUS PROSECUTION—*Diligent Inquiry Required Before Presenting Accusation of Crime.* One who causes the arrest of another upon accusation of larceny, merely upon the report of a third person, making no inquiry of the accused, may well be convicted of malicious prosecution. (465, 466.)

2. —— *Advice of Counsel,* is a defense, only where the party has first exercised reasonable diligence to ascertain the facts, and makes to his counsel a full, true and candid statement of the facts so ascertained. (465.)

3. APPEAL AND ERROR—*Abstract.* A ruling as to the admission of evidence, or as to instructions, to which the abstract shows no exception, will not be considered. (466.)

*Error to Teller District Court.* Hon. J. W. SHEAFOR, Judge.

Mr. EDWARD J. BOUGHTON, Mr. W. M. ALTER, and Mr. K. W. FARR, for plaintiff in error.

Mr. E. G. VANATTA, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The defendant in error brought suit against the plain-

tiffs in error for malicious prosecution, and obtained judgment for damages in the sum of $1,000.

In the brief for plaintiffs in error counsel say that nine of their assigned errors are summed up in one, which is that the court erred in receiving and entering the verdict, because the jury failed and refused to be governed by instructions numbered six and seven. In argument, counsel contend that the verdict is in conflict with instruction six, but say nothing more of instruction seven.

Instruction six informs the jury what facts are necessary to be established to constitute the defense of having acted in the prosecution on advice of counsel.

It is urged that there was uncontradicted evidence to prove every fact declared by the instruction to be necessary to such defense. Hence, it is said, the verdict should have been set aside.

One of the elements of the defense outlined by the instruction was that defendant had made

"a full true and candid statement of all the facts bearing on the guilt or innocence of the plaintiff of which knowledge might have been obtained by the exercise of reasonable diligence."

The jurors may well have considered that defendant Mullen did not make proper effort to ascertain the facts bearing on plaintiff's guilt, before he sought advice of counsel.

From defendant Mullen's own statement it appears that, in causing plaintiff's arrest, he acted solely on a report made to him that plaintiff had been seen carrying off two lamps, and a sack of coal.

He made no inquiry of plaintiff as to the matter, and proceeded, in violation of law, to search the plaintiff's house in the night-time.

Had he asked the plaintiff about the property taken, and received an explanation, he would not have made a fair

and full statement to counsel unless he had included plaintiff's explanation. Upon this matter of a full and fair statement it can not be said that a finding against defendants is without support in the evidence.

The jurors, who heard and saw the witnesses, might have found against the defendant on this, or one of the other matters which he had to prove to make out that defense; and we cannot say that the trial court, with its full knowledge of the case presented, erred in regarding, as it must have done, the jury as justified in its findings.

Errors are assigned, also, on the rulings of the court in refusing and in giving instructions; but as the abstract shows no objections made in either case, the alleged errors will not be considered.

There being no error in the record as presented, the judgment is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concurring.