## No. 8797.

McPhail *v.* The City and County of Denver.

### Decided March 5, 1917.

Action for damages alleged to have been caused by negligence of the city in permitting plaintiff's property to be flooded with water.   Judgment for defendant.

*Affirmed.*

1. APPEAL AND ERROR—*Deficient abstract.* Error assigned to rulings of the court in passing on the admissibility of testimony will not be considered where the abstract of record contains no testimony, objections or exceptions.

2.          *Deficient abstract—Instructions.* The appellate court will not review the action of the trial court in ruling on instructions which relate to the effect of the evidence where the abstract contains none of the testimony and also fails to show any objections or exceptions to instructions given or refused.

3. PRESUMPTIONS—*Proper verdict and judgment.* Where there is nothing in the record from which the appellate court can conclude there was error in the proceedings in the trial below, it will be presumed that the cause was fairly tried, submitted on proper instructions and that the verdict and judgment are sustained by the evidence.

*Error to the District Court of the City and County of Denver, Hon. George W. Allen, Judge.*

MR. DUNCAN MCPHAIL, *Pro se.*

Mr. JAMES A. MARSH, Mr. G. Q. RICHMOND, for defendant in error.

MR. JUSTICE GARRIGUES delivered the opinion of the court.

THIS case is brought here on error to review a judgment of the district court of the City and County of Denver. The errors assigned relate to rulings of the court on the admission and striking of testimony, to instructions given and requested instructions refused.

1. On an inspection of the printed record in the case, we find no testimony presented for our consideration. We are not advised what questions were objected to, nor the grounds of the objections. As to whether any exceptions were saved to these rulings of the court, the record is silent. We are therefore unable to pass upon the questions attempted to be raised. Abstracts of records, in order to comply with the rules of this court, must contain sufficient of the proceedings to enable the court to fully understand

and determine the questions presented for decision, and assignments of error relative to evidence, will not be considered where the abstract does not contain the objections and exceptions to the rulings of the trial court and the testimony to which they apply. *Haley v. Elliott,* 16 Colo. 159, 26 Pac. 559; *Thompson v. Deweese,* 25 Colo. 243, 53 Pac. 507; *San Miguel Co. v. Bonner,* 33 Colo. 207-213, 79 Pac. 1025; *McPhee & McGinnity v. Fowler,* 36 Colo. 202, 85 Pac. 421; *Wilson v. Kent,* 38 Colo. 492, 88 Pac. 461; *Purdy v. Geary,* 45 Colo. 129, 100 Pac. 426; *Guillet v. Gorman,* 23 Colo. App. 216, 128 Pac. 878; *Empire Co. v. Gibson,* 23 Colo. App. 399, 128 Pac. 472.

2.   There is nothing in the abstract to show what, if any objections, plaintiff in error made to the giving of instructions by the court, neither does it appear that any exceptions were saved to any rulings on objections, or to the giving of instructions. But aside from this, even if exceptions were reserved, as the abstract does not contain any of the testimony, we cannot review the action of the court in ruling on instructions which relate to the effect of the evidence. *Christy v. Campbell,* 36 Colo. 261, 87 Pac. 548; *Gill v. Schneider,* 48 Colo. 382, 110 Pac. 62.

There being nothing in the record from which we can conclude there was error in the proceedings in the trial below, we must presume the cause was fairly tried, submitted to the jury on proper instructions and that the verdict and judgment were sustained by the evidence. The judgment is accordingly affirmed.

Chief Justice White and Mr. Justice Scott concur.