No. 9044.

BALDWIN v. SCOTT ET AL.

APPEAL AND ERROR.—*What May be Assigned for Error.* Instructions given, to which no objection was made or exception taken below, will not be considered.

Nor will a question not presented by the pleadings, nor suggested at the trial.

*Error to the Mesa District Court, Hon. Thomas J. Black, Judge.*

Mr. L. L. MORRISON, for plaintiff in error.

Messrs. GRIFFITH, WATSON & SMITH, for defendants in error.

Mr. Justice Garrigues delivered the opinion of the court.

This action in replevin was brought by Jessie H. Baldwin in the County Court of Mesa county, against Theodore Scott and Jeff Watson, as sheriff, to recover possession of an automobile.

The sheriff levied on the machine as the property of plaintiff's husband, under an execution issued upon a judgment obtained by defendant Scott against him.

A trial in the County Court resulted in favor of defendants and on appeal, the same result was reached in the District Court and plaintiff brings the case here for review.

Error is assigned on the instructions given, and it is contended the evidence is insufficient to sustain the verdict.

1. No objection was made or exception reserved to the giving of any instruction by the trial court, therefore they cannot be considered here.

*McPhail v. City,* — Colo. —, 163 Pac. 861; *Manzoli v. People,* — Colo. —, 169 Pac. 144; *Dourte v. Shirey,* — Colo. —, 172 Pac. 423.

. The question of estoppel argued by counsel for plaintiff in error, will not be considered, because it is not involved in the pleadings and was not considered on the trial.

2. The sufficiency of the evidence to sustain the judgment, is a question which requires a review of the testimony.

Plaintiff and her husband testified that Mrs. Baldwin purchased the automobile from a man named Lane, with money which she had inherited from her father's estate, amounting to some $2,800.00; but when she described the alleged transaction and method of payment, it seems that the machine was paid for by a check for $200.00, and a deed to two lots valued at $800.00, each executed and delivered to Lane by The Udlock Investment Company, by which company Mr. Baldwin was employed, and of which he was secretary. She testified that she reimbursed the company by giving it a mortgage on her property for $1,400.00. No documentary evidence covering any of the alleged matters was presented on the trial. The testimony of the husband describing the transactions, is very much involved, and not at all clear to us, but as we understand it, is to the effect that Mrs. Baldwin held the company's note for $1,400.00, and that she owed it two notes of $200.00 each, and that when the company paid $1,000.00 for the automobile, that cancelled the indebtedness between them, and she became the owner of the machine.

It appears from the evidence of the defense that Mr. Baldwin had entire charge of, and drove the car. Mrs. Baldwin never drove it. Mr. Udlock drove it, and it was often used in connection with the business of the company by Mr. Baldwin. The applications for licenses for the auto were always made by him in his own name, in writing, were under oath, and stated that he was the owner of the car. He filled out and swore to the tax schedules in which the automobile was listed as the joint property of himself and wife and he paid all the taxes. When the auto was levied on under execution by the sheriff, the officer asked Baldwin, in front of whose place of business the machine was standing, if that was his car, and Baldwin replied

that it was. This, in brief, is the evidence upon which the jury based its verdict against the plaintiff and in favor of defendants. The determination of the case involved the weight of the testimony and credibility of witnesses, which questions were exclusively for the jury to settle under the instructions of the court. Upon the record presented, we can not say, as a matter of law, that the evidence is insufficient to support the verdict and judgment based thereon. The judgment of the lower court is therefore affirmed.

Judgment affirmed.

Chief Justice Hill and Mr. Justice Scott concur.