## No. 9873.

KROHN v. THE COLORADO SPRINGS & INTERURBAN RY. CO.

Decided July 5, 1921.

Action against a street railway company for personal injuries.  Judgment for defendant.

*Affirmed.*

1. APPEAL AND ERROR—*Conflicting Evidence.*  A verdict based on conflicting evidence will not be disturbed on review, as being contrary to the evidence.

2.    *New Trial.*  Only questions presented in a motion for new trial need be considered on review.

3.    *Instructions.*  Instructions reviewed and held not subject to the objections urged.

4.    *Instructions—Objections.*  Where no objection is made before the trial court to instructions, errors assigned thereon may not be considered on review.

*Error to the District Court of El Paso County, Hon. J. E. Little, Judge.*

Mr. JAMES A. ORR, Mr. L. W. CUNNINGHAM, for plaintiff in error.

Messrs. CHINN & STRICKLER, for defendant in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties occupy the same relative position here as in the trial court.

Plaintiff was riding as a passenger on one of defendant's street cars.  He went upon the steps thereof preparatory to alighting.  From this position he claims he was thrown and injured by the negligent and careless handling of the car, in that, having been slowed down to a speed of ap-

proximately two miles per hour, it was suddenly started forward. He asks damages in the sum of $25,000.00.

Defendant denies negligence on its part and charges that plaintiff's injuries were the result of his own negligence in attempting to alight from a moving car.

The cause was tried to a jury which found for defendant. From the judgment entered thereon plaintiff brings error and contends for a reversal because 1. The verdict was contrary to the evidence; and 2. Instruction No. 7 was erroneous.

1. This is a clear case of conflicting evidence and under the well established rule the verdict will not be disturbed. *Hallack et al. v. Stockdale et al.,* 14 Colo. 198, 23 Pac. 340.

If it were otherwise plaintiff's position would be untenable here because no such ground is presented in the motion for new trial.

"The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review." Rule No. 8, Rules of the Supreme Court.

2. The objection to Instruction No. 7 is that it establishes one rule on burden of proof for plaintiff and a different one for defendant, in that it advises the jury that plaintiff must prove his case by "a preponderance of the evidence" and that the contributory negligence alleged by defendant "must be affirmatively shown." The objection is not good. The instruction does advise the jury as to what amount of evidence plaintiff is required to produce. It does not pretend to lay down the rule on the same subject for defendant. It advises the jury as to the kind, not the amount, of evidence required of defendant, i. e., affirmative evidence. Instruction No. 13 tells the jury that this affirmative evidence of contributory negligence must be "a preponderance or greater weight." No. 16 tells the jury that all the instructions "must be taken, considered and read together."

If it were otherwise plaintiff's position would be un-

tenable here because the record discloses no objection to this, or any other instruction.

"Counsel shall present to the trial court, at or prior to the close of the evidence, such instructions as they may desire. The court shall afford respective counsel a reasonable time and opportunity to examine proposed instructions, whether requested, or to be given by the court of its own motion, and to prepare and present specific objections thereto before such instructions are given to the jury. On motion for new trial, or on review by the supreme court, only the grounds so specified shall be considered." Rule No. 7, Rules of the Supreme Court.

"Errors are assigned, also, on the rulings of the court in refusing and in giving instructions; but as the abstract shows no objections made in either case, the alleged errors will not be considered." *Mullen et al. v. Griffin,* 60 Colo. 464, 466, 154 Pac. 90.

"No objection was made or exception reserved to the giving of any instruction by the trial court, therefore they cannot be considered here." *Baldwin v. Scott et al.,* 65 Colo. 53, 173 Pac. 716.

Other alleged errors are assigned but not argued. As to such it is enough to say that, like the two herein referred to, there is nothing in the record to support them.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.