## ROBERT W. JOHNSON v. WARREN E. PUGH AND OTHERS.[1]

June 30, 1922.

No. 22,873.

**No removal of discharged soldier serving as policeman without hearing on charges.**

1. Under the provisions of chapters 14 and 192, Laws 1919, an honorably discharged soldier of the United States, who served in the recent world war and who had been appointed as a policeman in the city of Duluth and had served for 18 months, may not be removed from such a position without a hearing upon stated charges.

**Necessity of hearing not altered because of requirement of examination.**

2. The fact that the civil service rules required polisemen, other than those appointed temporarily, to pass an examination in order to qualify for appointment, did not dispense with the necessity of such hearing.

Upon the relation of Robert W. Johnson the district court for St. Louis county granted its alternative writ of mandamus directed to Warren E. Pugh, chief of police of the city of Duluth, and others to reinstate relator as police officer of that city. The matter was heard by Cant, J., who granted relator's motion for a directed verdict. From the judgment entered pursuant to the verdict, defendants appealed. Affirmed.

*John B. Richards*, City Attorney, and *Bert W. Forbes*, for appellants.

*McCoy & Hansen*, for respondent.

[1]Reported in 189 N. W. 257.

LEES, C.

Respondent served as a private in the army of the United States in the late world war and received an honorable discharge in May, 1919. On June 17 following he was employed as a police officer of the city of Duluth. His employment continued until January 16, 1921. On that day he was removed without notice and without charges preferred against him. He obtained a writ of alternative mandamus to compel his reinstatement. Appellants' answer to the writ alleged among other things that a provision in the home rule charter of the city required applicants for appointment to certain official positions (policemen being included) to submit to an examination to ascertain their fitness to fill the position; that respondent was employed temporarily as a patrolman under a civil service rule, adopted pursuant to the charter, which permitted heads of departments to make temporary appointments for a term not exceeding 60 days without requiring the appointee to take the examination. A jury was impaneled and at the close of the evidence respondent's motion for a directed verdict was granted. The case is brought here by an appeal from the judgment subsequently entered.

By chapter 263, p. 355, Laws 1907, honorably discharged veterans of the Civil War were given a preference over other persons of equal qualifications in appointments to public office. The statute was amended by chapter 499, p. 838, Laws 1917, so as to include veterans of the Spanish-American War, and by chapters 14 and 192, pp. 17, 194, Laws 1919, so as to include soldiers and sailors of the United States who had served in the late world war. The original act provided that no person entitled to its benefits, who held a position by appointment or employment in the state or in a county, city or town, should be removed from such position or employment except for incompentency or misconduct, shown after a hearing upon due notice on stated charges, and that the burden of proving incompetency or misconduct should rest on the party alleging it. This provision was retained in all the later acts and was considered in State v. Board of Public Welfare of City of Minneapolis, 149 Minn. 322, 183 N. W. 521, where it was held that a person to whom it ap-

plied was entitled to such hearing before he could properly be discharged from his position.

It is conceded that no charges were filed against respondent and that he was discharged without notice or a hearing. This action is justified on the ground that he was a temporary employe who received his appointment subject to the condition that he would successfully undergo the civil service examination, and that he had failed after two attempts. In determining the ultimate question in the case, the trial judge said that the statute does not except persons appointed to hold a position temporarily, and that, even if it did, a court should be slow to uphold the claim that one who had been regularly serving the city and regularly drawing compensation during a period of 18 months or more was a temporary appointee. It is true that the statute does not except temporary appointees, but we are not prepared to hold that an ex-service man, who accepts an appointment upon condition that he shall take and pass a civil service examination, may later on insist that, notwithstanding his failure to do so, he cannot be summarily dismissed. However, that situation is not presented in the present case, for respondent was not dismissed as soon as the result of his first examination was ascertained. That was in November, 1919, and he was allowed to remain for more than a year thereafter and not required to take another examination until December, 1920. Granting for the purpose of argument that respondent would not be eligible for appointment as a member of the police force until he had passed the civil service examination, the conclusion does not follow that he might be summarily removed merely because he failed to pass examinations taken after he had actually been appointed and served for so long a time. Under the circumstances stated, it may have been contrary to the civil service rules to retain him on the police force after the expiration of 60 days, but it was shown that the rules were disregarded in other cases and apparently respondent was the only policeman singled out for removal because he had not passed the examination. In our opinion appellants were bound to comply with the mandate of the statute and cannot justify respondent's removal without a

hearing on the sole ground that his appointment was temporary within the meaning of the civil service rules.

Judgment affirmed.