STATE EX REL. DONALD GOAR v. MICHAEL J. HOFFMANN AND OTHERS.[1]

January 24, 1941.

No. 32,682.

*Ewing & Feidt,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston* and *Louis B. Brechet,* Special Assistant Attorneys General, and *David W. Lewis,* Special Counsel, for respondent.

[1]Reported in 296 N. W. 24.

HOLT, JUSTICE.

Upon the petition of appellant, an alternative writ of *mandamus* issued in the court below against respondent, the commissioner of highways. On the day of hearing, the petition and writ were by stipulation and consent amended so as to eliminate all parties other than appellant and the respondent; and thereupon respondent moved for judgment upon the pleadings. The motion was granted, and the appeal is from the judgment.

The facts alleged in the amended petition and writ may be thus summarized: On and for some time prior to April 22, 1939, appellant was employed as a bridge worker in the highway department of the state, in charge of respondent, at the wage of 80 cents an hour, and was paid at that rate up to and including April 30, 1939; that from last named date up to June 19, 1939, when he was discharged, he was paid at the rate of 70 cents an hour; that the difference between the amount earned at 80 cents and at 70 cents an hour for said period is $37.40, which sum respondent on demand refuses to pay him, and he asks a peremptory writ to issue commanding respondent to pay the same. The answer and return of respondent to the alternative writ virtually admits the facts stated, and avers that for the period appellant worked after April 30, 1939, he was paid semimonthly by checks endorsed by him, wherein he acknowledged payment in full for the work represented by such checks. Since a respondent's motion for judgment on the pleadings in a *mandamus* proceeding must rest solely upon the petition and writ—the affirmative averments of the answer being considered denied without a reply—no further notice should be given to the answer. State ex rel. Schmidt v. Youngquist, 178 Minn. 442, 227 N. W. 891.

Appellant rests his appeal upon two provisions in L. 1939, c. 441, now 3 Mason Minn. St. 1940 Supp. §§ 254-51 to 254-87. The one provision is in § 12(4) (§ 254-60[4]) reading:

"The classification, and salary or wage schedules applying thereto, existing at the time this act becomes effective shall continue in effect until changed in accordance with the provisions of this act."

The other is § 45 (§ 254-87) :

"Notwithstanding the provisions of the state civil service act and the amendments to existing statutes made by this act, all existing salaries and compensation schedules, and all laws and regulations governing said salaries and compensation schedules, in force on the day previous to the effective date of this act, shall continue in force until the salary and wage schedules are approved by the commission of administration and finance as provided in the state civil service act."

Respondent relies upon this provision in § 10(3) (§ 254-58[3]) :

"Except as in this act otherwise specifically provided, until August 1, 1939, all persons holding offices or employments in the classified service, may be laid off, suspended, transferred, discharged, promoted, reduced, or discharged and reinstated as temporary employees, at the will and pleasure of the authority employing them, subject, however, to such laws as are not expressly repealed by this act."

Not repealed was this provision in 1 Mason Minn. St. 1927, § 2553(4) :

"The commissioner of highways is hereby authorized to employ such skilled and unskilled help and employees as may be necessary for the performance of his duties under this act, the same to be on such terms and for such compensation as he may deem just and proper."

A writ of *mandamus* against an official or an administrative officer will not issue unless there is a clear and complete right shown by the petitioner to receive that which the court is asked to command the official or officer to give him. 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5756. It is to be understood from the petition and alternative writ that respondent reduced the wages

of appellant from 80 cents an hour to 70 cents an hour effective from and after April 30, 1939. Not only was he so authorized to do under 1 Mason Minn. St. 1927, § 2553(4), above quoted, which is still in effect and unrepealed by L. 1939, c. 441, but by express authorization of § 10(3) thereof respondent is given plenary power over the employes, including terms and compensation, up to August 1, 1939. Appellant concedes that respondent had the power and authority to discharge him at will and without cause. As ordinarily understood, reducing an employe's wages is reducing him even if continued in the same duties. We also think § 45 (§ 254-87) of the act confirms this, for "notwithstanding the provisions of the state civil service act * * * all existing salaries and compensation schedules, and all laws and regulations governing said salaries and compensation schedules, in force on the day previous to the effective date of this act, shall continue in force until the salary and wage schedules are approved by the commission of administration and finance as provided in the state civil service act." There had been no approval when this proceeding started. And respondent has still the authority either to reduce or increase appellant's wages as he deems just and proper. Section 12(4) (§ 254-60[4]) must be held to refer to cases not governed by § 10(3) (§ 254-58[3]) and § 45 (§ 254-87). We think the court properly granted judgment on the pleadings.

The judgment is affirmed.