# STATE EX REL. BENJAMIN F. LONGMAN v. THOMAS O. KACHELMACHER AND OTHERS.

96 N. W. (2d) 542.

May 1, 1959—No. 37,610.

256

*Kelly & Callinan,* for appellant.

*Charles A. Sawyer,* City Attorney, and *D. J. Shama* and *Arvid M. Falk,* Assistant City Attorneys, for respondents.

MATSON, JUSTICE.

Appeal from an order denying petitioner's motion for a new trial.

The petitioner, Benjamin F. Longman, has for several years held the position of captain in the Minneapolis Fire Department. Prior to February 17, 1955, he took a civil service examination for the position of district fire chief. An eligibility list was posted on February 17, 1955, and appellant's name appeared thereon. Minneapolis City Charter and Ordinances (Perm. ed.) c. 19, § 14, provides that such eligibility lists shall remain in force for not more than 2 years. By July 1956, petitioner ranked *first* on that list. During July petitioner's status as a veteran was questioned. The Civil Service Commission, concluding that petitioner did not qualify for the statutory veteran's preference because he was not a veteran within the meaning of the statute (M. S. A. 197.45), moved him down on the eligibility list. Thereafter, defendant Donald F. Rossman was appointed to the position of district fire chief. Petitioner at this point did not institute any proceeding to test the commission's actions. Another examination was conducted on February 8, 1957, and a new list posted on February 27, 1957. Petitioner did not take the 1957 examination; thus, his name does not appear on the eligibility list which is now in force.

In July 1942, petitioner, then aged 28, was a Minneapolis fire fighter. He obtained a leave of absence, and enlisted in the Enlisted Reserve Corps component of the Army of the United States—apparently a pilot-training program of the U. S. Department of Commerce. After being sworn in, petitioner was trained on the St. Thomas College campus, then transferred for further training at the University of Minnesota; then transferred to Rochester, Minnesota, where he obtained further flight training; then transferred to the University of Minnesota Farm School campus; then shipped to Randolph Field, Texas; then trans-

ferred to Uvalde, Texas, where he was a flight instructor for Army Air Force cadets; and finally transferred to Minneapolis, where he continued to teach Army Air Force cadets.

Petitioner returned to the Minneapolis Fire Department in July 1945. In November 1950 he was promoted to fire captain.

Defendant Rossman was appointed district fire chief following the commission's action of September 1956, in denying petitioner's claim for a veteran's preference. That eligibility list did not expire until February 1957. Not until 3 months later, on May 15, 1957, did petitioner commence this action for a writ of mandamus to require the commission to honor his right to a veteran's preference and to place him in the higher-paying position of district fire chief.

Defendants' defenses are twofold: (1) That petitioner may not use mandamus because, the eligibility list upon which his name appeared having expired, the courts are powerless to revitalize the old list or to insert his name on the existing list; and (2) that petitioner is not a "veteran" within the veterans' preference statute. Although we entertain serious doubts as to petitioner's claim of being a "veteran," we need not reach that issue since we hold that petitioner's action for mandamus should be dismissed as being moot.[1]

The Veterans' Preference Act, M. S. A. 197.45 and 197.46, applies to county and municipal civil service, while veterans' preferment in state employment is governed solely by provisions of the Civil Service Act, § 43.30.[2] Section 43.30 eliminated the so-called remedy of statutory mandamus. Since municipal civil service is involved here, § 197.45 applies. This latter section expressly provides that veterans who have been denied their veterans' preference shall have an action for damages, and also the remedy of mandamus for righting the wrong.

Petitioner in effect admits that the ordinary remedy of mandamus is unavailable to him. He argues, however, that by expressly providing

---

[1] The trial court had held: (1) That mandamus would lie, but (2) that petitioner was not a "veteran," and dismissed the alternative writ of mandamus.

[2] M. S. A. 43.30 superseded § 197.45 as concerns veterans' preferences in *state* employment. M. S. A. 1949, § 43.34; State ex rel. Butters v. Railroad & Warehouse Comm. 209 Minn. 530, 296 N. W. 906.

for a remedy of mandamus by statute in the Veterans' Preference Act the legislature must have intended a broader type of mandamus and one not limited to our well-established rules concerning mandamus.

One of those well-established rules is that, as stated in State ex rel. Goar v. Hoffmann, 209 Minn. 308, 310, 296 N. W. 24, 25:

"A writ of *mandamus* against an official or an administrative officer will not issue unless there is a clear and complete right shown by the petitioner to receive that which the court is asked to command the official or officer to give him."

Another rule is that mandamus will not be ordered where it will prove futile or practically unavailing. 11 Dunnell, Dig. (3 ed.) § 5759. Part of this latter rule is that where an event has occurred prior to or pending an appeal, which renders it impossible for the court to grant any effectual relief, the court will dismiss the appeal as moot. Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222.

The Minneapolis City Charter[3] requires that vacancies in civil service positions be filled by the "highest name from the appropriate list of the eligible register, * * *." Petitioner's name does *not* appear on the current eligibility list. Clearly, this court is powerless to require the commission, by mandamus, to place his name on the current list, nor can this court revive the expired 1955 to 1957 list and require an appointment from it.[4] Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222, is precisely in point. There the petitioner's eligibility expired after his appeal to this court and we dismissed the appeal as having become moot. In the Barnes case, the argument that the statutory mandamus of § 197.45 was broader than our usual concepts of mandamus was never raised.

In accord is State ex rel. Chernesky v. Civil Service Comm. 141 Conn. 465, 470, 106 A. (2d) 713, 715, where, on similar facts, the Connecticut court, in denying petitioner relief, said:

---

[3]Minneapolis City Charter and Ordinances (Perm. ed.) c. 19, § 15.

[4]See, Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222; State ex rel. Chernesky v. Civil Service Comm. 141 Conn. 465, 106 A. (2d) 713; City of Waco v. Akard (Tex. Civ. App.) 252 S. W. (2d) 496; see, also, State ex rel. Jenkins v. Ernest, 197 Minn. 599, 602, 268 N. W. 208, 210.

"* * * There is therefore no list presently in effect upon which their names can be placed, nor is there any provision in the act for the revivification of a list which the passage of time has terminated.

"* * * To grant the relief sought, the court would, in effect, be required to establish an entirely new list. The court has no power to do this * * *.

"It may be unfortunate for the plaintiffs that they neglected to question the correctness of their standings on the eligibility list while it remained in force. Their failure to act at that time disposed of their right to the relief which they now request."

Does the fact that the veteran's remedy of mandamus is provided by statute add to this court's power to establish a new list or revive an old one? We think clearly not.

Petitioner supports his argument that statutory mandamus is something more than ordinary mandamus by citing and quoting from 33 Minn. L. Rev. 607, which states that the legislature "may enlarge the function of the remedy both as to its availability and scope of review." Petitioner's argument is easily countered by reading the very next sentence, 33 Minn. L. Rev. 607, which goes on to state: "Except where statutory construction implies such result the general principles governing mandamus will apply." We hold that the legislature, by stating that veterans have a remedy of mandamus under § 197.45, *did not imply* that anything more than the general principles of mandamus was intended. Most likely the intent of the legislature was to insure the availability of the ordinary mandamus remedy, for it has been held that where one remedy (a damage action) has been specifically provided by statute the remedy of mandamus usually will not lie. See, 55 C. J. S., Mandamus, § 26; 34 Am. Jur., Mandamus, §§ 45 and 46. Thus, having expressly provided for a remedy of an action for damages, the legislature has avoided doubt as to the availability of mandamus under the above rule by making the remedy of mandamus expressly available.

■ Petitioner, however, seeks to circumvent the settled rule that mandamus will not lie *unless it is the clear duty of the officer to perform the act at the particular time* and in the manner in which it is demanded

of him[5] by contending that for this court to issue this writ of mandamus would only be *retroactively* enforcing petitioner's right to the appointment as of the time when his name did appear on an eligibility list. The contention is without merit. In the first place, such a holding would completely ignore and render nugatory the above-mentioned rule concerning the availability of mandamus. In the second place, it is obvious that once an eligibility list expires, all appointment rights thereunder expire with it, and neither such lists nor such rights may by indirection be revitalized or extended under a theory of retroactive enforcement. As a court we must take the civil service statutes and rules as we find them and not read into them provisions for the recognition of rights which no longer exist. If, on a theory of retroactive enforcement a right to appointment continues after the eligibility list has expired, the public policy behind civil service provisions requiring periodic competitive examinations to test fitness will be defeated. He who wishes to preserve his eligibility status after the current eligibility list has expired, can do so only by successfully taking the next examination and thus qualifying himself for certification on the new list.

Petitioner can derive no comfort from Johnson v. Pugh, 152 Minn. 437, 189 N. W. 257. In that case a war veteran was appointed a temporary police officer in the city of Duluth on the express condition that his appointment should not become permanent unless he successfully underwent a civil service examination. He failed a first examination in November 1919 and a second examination in December 1920. For more than a year after failing the first examination he was permitted to serve, and to draw compensation, as a police officer. After a total service of more than 18 months he was discharged without notice or hearing. Pursuant to statute (now § 197.46), no veteran could be removed from his appointed position except for incompetency or misconduct shown upon due notice, etc. The Johnson case involved the removal of an appointee from a position which he had actually held and for which he had drawn compensation for more than 12 months after he had failed his first qualifying examination. In the instant case petitioner was never given an appointment as district fire chief and has

---

[5]See, 11 Dunnell, Dig. (3 ed.) § 5756; High, Extraordinary Legal Remedies (3 ed.) § 14.

never drawn compensation for that position. Although he was given an appointment as an acting fire chief he received no increase over his compensation as a fire captain. He now seeks the benefit of mandamus to compel his appointment to a position which he has not actually held. Whether it was proper to appoint him as acting fire chief and to permit him to serve at the lower compensation rate of a captain for 19 months, we need not consider. If it was wrong to do so, that wrong does not qualify him for appointment to a higher position after his civil service eligibility status has ceased.

It is also to be noted that in the Johnson case the court said (152 Minn. 439, 189 N. W. 258):

"* * * Under the circumstances stated, it may have been contrary to the civil service rules to retain him on the police force after the expiration of 60 days, but it was shown that the rules were disregarded in other cases and *apparently respondent was the only policeman singled out for removal* because he had not passed the examination."[6] (Italics supplied.)

In the instant case there has been no showing that petitioner was the only person singled out for removal or other discrimination. The Johnson v. Pugh, *supra,* decision must be confined to its facts. A careful reading of the decision reveals that the court, in prohibiting discrimination against a veteran, had no intention that its holding should provide a basis for evading civil service provisions designed to insure that only qualified persons shall be eligible for appointment or promotion in the public service. As pointed out in State ex rel. Kos v. Adamson, 226 Minn. 177, 183, 32 N. W. (2d) 281, 284, a strict compliance with civil service requirements is mandatory.

Applying the well-established principles governing mandamus, it is clear that it is impossible for this court to grant petitioner any relief. The question here is moot.

Appeal dismissed.

---

[6]See, 20 Minn. L. Rev. 754.