## GREEN'S BAR INCORPORATED v. GEORGE D. JOHNSON.

147 N. W. (2d) 686.

January 6, 1967—No. 40,657.

*Harold A. Frederick,* City Attorney, for appellant.
*Alfred J. Weinberg,* for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the District Court of St. Louis County.

The issue for decision is whether the veto power of the mayor of the city of Duluth, Minnesota, exercised pursuant to the Home Rule Charter of that municipal corporation, applies to a resolution of the city council purporting to grant an application for an on-sale liquor license.[1]

Minn. St. 340.11, subd. 4, provides in part:

"All 'on sale' licenses shall be granted * * * by the respective local governing bodies of the various municipalities of the state, and such governing bodies shall have the right to revoke licenses issued by them for cause."

To determine the meaning of "governing bodies" as these words apply to the city of Duluth, reference must be made to the provisions of its Home Rule Charter. The relevant provisions include:

"The government provided for by this charter shall be known as the mayor-council form of government. * * * The Council shall have nine (9) members, four (4) elected from the City at large and five (5) from geographical districts." C. 2, § 2.

"All legislative powers of the City shall be vested in the City Council and shall be *exercised by it in the manner and subject to the limitations hereinafter set forth.*" (Italics supplied.) C. 3, § 6.

---

[1] Although we have some doubt as to whether a justiciable controversy can be said to exist as between the city of Duluth and the license applicant when the period for which the license would have been granted, if issued, has expired, we will decide the principal question raised by the appeal in light of plaintiff's representations in this court (to which defendant's counsel apparently acceded) that the incumbent mayor of the city of Duluth currently adheres to the view that he has veto power with respect to resolutions granting applications for liquor licenses and that the city council of the city of Duluth refrains from acting on plaintiff's pending application for a liquor license only because of its uncertainty with respect to the mayor's power in this regard. See, Minneapolis Fed. of Men Teachers v. Board of Education, 238 Minn. 154, 56 N. W. (2d) 203; Mid-Continent Petroleum Corp. v. Narverud Motor Co. 238 Minn. 84, 55 N. W. (2d) 626; cf. Connor v. Township of Chanhassen, 249 Minn. 205, 81 N. W. (2d) 789.

"\* \* \* [T]he Mayor \* \* \* shall have the right to attend any meeting of the Council \* \* \* but he shall have no right to introduce any motion, resolution or ordinance, or amendments thereto, nor to vote thereon." C. 3, § 7.

"\* \* \* [A]ll legislation \* \* \* shall be by ordinance, save \* \* \* that licenses may be granted \* \* \* by resolution." C. 3, § 8.

"Ordinances and resolutions adopted by the Council shall be submitted to the Mayor and he shall, within ten (10) days after receiving any ordinance or resolution, either approve the same by affixing his signature thereto, or return it to the Council by returning it to the Secretary of the Council, together with a statement setting forth his objections thereto. *No ordinance or resolution shall take effect without the Mayor's approval unless \* \* \* or unless the Council upon reconsideration thereof* on or after three (3) days following its return by the Mayor, *shall by a vote of not less* than six (6) of the members thereof resolve to override the Mayor's veto." (Italics supplied.) C. 3, § 12.

The provisions of the Duluth city charter above quoted are not in conflict with the mandate of § 340.11, subd. 4, to the effect that on-sale licenses shall be granted by the governing body of the city. The statute does not undertake to specify the manner in which the authority so delegated is to be exercised.[2] We attribute to the legislature an intent that the governmental authority delegated by the statute be exercised by the various municipalities in the way specified by the documents giving rise to their existence.[3] This being the case, we must, as to the city of Duluth,

---

[2] Compare Meyers v. Knott, 144 Minn. 199, 174 N. W. 842, where the statute in question provided that action was to be taken by a majority vote of the council, and that such procedure was to be "unrestricted by any provision of statute or charter." Compare also, State ex rel. Wenzel v. May, 190 Minn. 336, 251 N. W. 529, dealing with the selection of members of a state-created body with functions transcending the boundaries of several municipalities.

[3] The courts are extremely reluctant to find a taking away of the veto power by mere implication of a charter amendment or statute. See, Tamte v. Eddy, 205 Minn. 303, 285 N. W. 720; Eddy v. Borough of Ashley, 281 Pa. 4, 125 A. 308.

accept its charter's mandate that licenses be issued by an ordinance or resolution effective only when an ordinance or resolution adopted by a majority of the council has been approved by the mayor or enacted over his veto by six of the nine council members. So considered, the governing body of the city of Duluth as it applies to the issuance of liquor licenses within the meaning of § 340.11, subd. 4, consists of the city council with the power to take effective action by a simple majority or by a two-thirds vote of its members depending on whether the mayor approves or, by exercising his veto, disapproves of the action proposed to be taken.

Duxbury v. Donovan, 272 Minn. 424, 138 N. W. (2d) 692; State ex rel. Smiley v. Holm, 184 Minn. 228, 238 N. W. 494, reversed 285 U. S. 355, 52 S. Ct. 397, 76 L. ed. 795; and State ex rel. Gardner v. Holm, 241 Minn. 125, 62 N. W. (2d) 52, cited by the parties, are not useful as precedents here. There is no entity constituting the governing body of the city of Duluth except as created by the charter of that city. There is no way under that charter by which the city council can grant an on-sale liquor license except by ordinance or resolution. There is no way by which such ordinance or resolution can be made effective without first being submitted to the mayor for his approval or disapproval. And, if the mayor, by the terms of this same charter, expresses disapproval of the ordinance or resolution granting a liquor license by the exercise of his charter-granted veto power, there is no way by which the ordinance or resolution granting the license can be made effective "unless the Council * * * shall by a vote of not less than six (6) of the members thereof resolve to override the Mayor's veto."

Although there is no prior Minnesota decision directly in point, we have examined the relevant opinions of the attorney general,[4] Minnesota decisions containing references to related problems,[5] and discus-

---

[4] See, Opinions Attorney General, No. 218-G-14, June 2, 1936; No. 218-G-14, October 11, 1945; No. 218-G-1, February 7, 1951; No. 218-G-5, April 4, 1956.

[5] See, State ex rel. Miller v. Reiter, 140 Minn. 491, 168 N. W. 714; cf. Downey v. City of Red Wing, 121 Minn. 348, 141 N. W. 495; Minnesota cases cited in footnotes 2 and 3.

sion of the term "governing body" appearing in the opinions of other courts.[6]

Our conclusion is that under the charter of the city of Duluth its council is a body empowered to govern granting of liquor licenses only when it acts by ordinance or resolution approved by the mayor or, if vetoed by him, made effective by the overriding vote of six of its nine members.

The fact that the Duluth City Code, c. 8, creates an Alcoholic Beverage Board and directs it to make certain reports "to the city council" and indicates that licenses are to be granted, refused, or revoked by "the city council" is not inconsistent with the position we have taken. The city council of the city of Duluth has the power to authorize the issuance of liquor licenses — whether it must do so by a vote of six of its nine members will depend on whether the mayor does or does not veto the authorizing resolution or ordinance. See, 62 C. J. S., Municipal Corporations, §§ 422 to 424.

Reversed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[6] See, for example, Vail v. Inhabitants of City of Plainfield, 9 N. J. Misc. 817, 155 A. 679; Riedman v. Brison, 217 Cal. 383, 18 P. (2d) 947.