MARGARET SCOLES v. DARREL HURD AND ANOTHER.

148 N. W. (2d) 164.

January 27, 1967—No. 40,223.

*Rainer L. Weis,* for appellant.

*Roger J. Nierengarten,* for respondents.

PER CURIAM.

Appeal from an order of the district court denying the application of Margaret Scoles for an order directing Darrel Hurd and Roger Nierengarten, as sheriff and county attorney of Stearns County, to execute the "written recommendation" required by Minn. St. 340.01, which provides in part:

"There is hereby conferred upon the governing body of each county, city, village, and borough in the state the authority to license and regulate the business of vendors at retail or wholesale of non-intoxicating malt liquors * * *.

"No license shall be issued or renewed by the county board after application has been made therefor until said county board shall have secured the written recommendation of the sheriff and of the county attorney. Said recommenda-

tion shall be accompanied by a statement attesting that to the best of their knowledge the applicant has not, within a period of five years prior to the date of such application, violated any law relating to the sale of non-intoxicating malt liquor or of intoxicating liquor and that in their judgment the applicant will comply with the laws and regulations relating to the conduct of said business in the event said license is issued or renewed."

The case is not in a posture for decision on the merits. While Rule 81, Rules of Civil Procedure, abolishes the writ of mandamus, the relief formerly secured through this writ is obtainable still in a proper case. Marine v. Whipple, 259 Minn. 18, 104 N. W. (2d) 657. Without deciding whether the jurisdiction of the district court to issue an order in the nature of a writ of mandamus was properly invoked here or whether the order of the district court here involved is appealable, we dismiss the proceedings before us for mootness, it having been made to appear that defendants are no longer serving as sheriff and county attorney for Stearns County and that a license for the sale of 3.2 beer on the premises involved has been issued to a person other than appellant.[1]

The appeal is dismissed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] See, Touhey v. Donovan, 259 Minn. 63, 105 N. W. (2d) 849; State ex rel. Longman v. Kachelmacher, 255 Minn. 255, 96 N. W. (2d) 542; Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222.

Green's Bar Inc. v. Johnson, 275 Minn. 471, 147 N. W. (2d) 686, is distinguishable in that the defendant therein continued to hold office and to adhere to the view that he had the authority there in question, and in that the applicant therein kept pending before the council an application for a license upon which the council refrained from acting only because of its uncertainty regarding the defendant's authority.