**Robert W. MYERS, Respondent,**

v.

**CITY OF OAKDALE, Appellant.**

No. C2–90–860.

Court of Appeals of Minnesota.

Oct. 9, 1990.

Frank J. Madden, Pamela R. Galanter, Frank Madden & Associates, Minneapolis, for appellant.

Gary W. Bastian, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

The Veterans Preference Hearing Board (board) concluded that the city's discharge of Robert Myers was reasonable and that no extenuating circumstances existed to justify a modification. The board further concluded that Myers was not entitled to back wages. The trial court reversed the board, ruling that there were extenuating circumstances that justified modification of the discharge and that the board did not have jurisdiction to decide the issue of back wages. The city appealed. We affirm as to back wages and reverse as to modification of discharge.

## FACTS

Robert W. Myers (Myers) is an honorably discharged veteran of the United States Air Force. Myers, a police officer for the City of Oakdale (city), was involved in an off-duty automobile accident. In the accident, Myers suffered injuries to his neck and lower back and aggravated a preexisting back condition. Myers took medical leave from his job. The leave was recommended by his doctor, Jonathan Biebl. Following the accident, Myers applied for and received disability benefits from PERA, MII and Allstate Insurance Company. When Myers had exhausted all of his holiday pay, sick time and training time, he was granted paid vacation. Once the paid vacation was used up, Myers requested and was granted unpaid leave status.

Throughout this entire period, Myers was being treated by Dr. Biebl for medical problems caused by the accident. After Myers began his unpaid leave, Dr. Biebl advised him to retire for medical reasons. Previously, on August 11, 1988, Dr. Peter Strand reported that Myers would not be a good candidate to return to police duties. Dr. Strand was a physician selected by the city to examine Myers. As a result of these medical opinions and his medical problems, Myers sought to obtain a medical disability retirement. The city instead sent Myers a letter stating its intent to discharge him as incompetent because his medical condition caused disability and an inability to perform his duties as a police officer.

Myers requested and was granted a veterans preference hearing. At the hearing, Myers' attorney admitted that Myers was incompetent because of his medical disability, but asked the board to modify the city's action, substituting long-term unpaid leave for discharge. The reason for this request was that with unpaid leave, Myers would be able to return to work in the unlikely event his condition improved significantly. The city asked the board to uphold its action in discharging Myers and also to deny his request for back pay and benefits. Myers' attorney objected to the board taking jurisdiction over the issue of Myers' entitlement to back pay and benefits.

The board issued an order upholding the discharge and denying Myers back pay. Myers appealed the board's decisions to the district court. After reviewing the board's action, the district court found that modification was "justified" and remanded the matter to the board with instructions to render a determination as follows:

1. The City of Oakdale acted reasonably in discharging Myers.

2. The fact that Myers was not at fault and was not being disciplined, and that there was an alternative to dis-

charge, created extenuating circumstances justifying modification of the City's action.

3. The discharge of Myers should be modified to a long-term, indefinite suspension without pay or benefits.

4. The board does not have authority or jurisdiction to decide the issues of back pay or benefits.

5. Any other determinations deemed proper by the board which are not inconsistent with the court's judgment.

The effect of paragraph 4 was to retain jurisdiction over the issue of back pay in the trial court. The City of Oakdale appealed from the trial court's decision.

## ISSUES

1. Did the trial court apply the correct standard of review in finding there was substantial evidence of extenuating circumstances that required the Veterans Preference Hearing Board to modify the discharge?

2. Did the Veterans Preference Hearing Board have authority to decide the issue of Myers' entitlement to back wages and benefits?

## ANALYSIS

### 1. *Standard of Review of Discharge*

■ The trial court erred by reversing the Veterans Preference Hearing Board's decision on discharge. Under the Veterans Preference Act, a public employer may dismiss a veteran in its employ only for incompetency or misconduct. Minn.Stat. § 197.46 (1988). The incompetency or misconduct must be related to the employee's job performance. *Ekstedt v. Village of New Hope*, 292 Minn. 152, 162–63, 193 N.W.2d 821, 828 (1972). "Incompetency" has been interpreted to include medical disability. *See Myers v. City of Oakdale*, 409 N.W.2d 848 (Minn.1987).

■ The powers of a Veterans Preference Hearing Board were previously reviewed in a case where the hearing board reduced the sanction from discharge to a 60–day unpaid suspension although there was "substantial evidence in the record

* * * of misconduct" by the veteran. *Matter of Schrader*, 394 N.W.2d 796, 799–800 (Minn.1986). That case, relied on by Myers, was remanded for a determination whether there were extenuating circumstances that "justified" the board in modifying the sanction to the benefit of the veteran. In the present case, however, the board found against the veteran so we must look at the problem through the other end of the telescope and the question is whether extenuating circumstances "compel" the board to modify the discharge.

■ The standard of review is whether the board abused its discretion. *See id.* at 802. This court must "make an independent examination of an administrative agency's record and decision and arrive at our own conclusions as to the propriety of that determination without according any special deference to the same review conducted by the trial court." *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977).

■ The trial court found that several extenuating circumstances existed that justified modifying the city's action. These circumstances included: (1) the fact that Myers was not at fault, (2) the fact that Myers was not being disciplined, and (3) the fact that there was an alternative to discharge. Evidence of these circumstances can be found in the record. But under the correct standard of review, the trial court, to reverse, had to find more than that modification was "justified." It had to find the board's decision not to modify was an abuse of discretion or without substantial support in the record. The trial court's finding of extenuating circumstances that justified modification was not a finding of circumstances that compelled modification.

We make our independent examination of the board's "record and decision and arrive at our own conclusions as to the propriety of that determination." Our conclusion is that, though the board would have been justified in making the modification asked for by Myers, there was substantial support in the record for its refusal to make

the modification. The trial court erred in requiring the modification.

### 2. *Back Wages*

■ The hearing board did not have jurisdiction to decide the issue of back wages.

The extent of jurisdiction or authority bestowed upon an administrative agency is measured by the statute from which it derives its authority. Authority is not obtained by the agency's own acts, or by its assumption of authority.

*Frost–Benco Electric Association v. Minnesota Public Utilities Commission,* 358 N.W.2d 639, 642 (Minn.1984) (citation omitted). The scope of power of a veterans preference hearing board has been interpreted by the supreme court. In doing so, the supreme court stated:

> In conducting a veterans preference hearing, the task of the hearing board is twofold: first, to determine whether the employer has acted reasonably; second, to determine whether extenuating circumstances exist justifying a modification in the disciplinary sanction.

*Schrader,* 394 N.W.2d at 801–02.

The cases that have focused upon the authority of veterans preference hearing boards have recognized authority to modify disciplinary sanctions. None of the cases, however, has acknowledged that a board has authority to deal with the issue of damages. The supreme court has been specific about the board's authority and function. The board has two functions: (1) to determine if the city acted reasonably, and (2) to determine whether there are extenuating circumstances. We decline to extend the board's authority beyond the functions enunciated by the supreme court. Consequently, the Veterans Preference Hearing Board did not have authority to decide the issue of back wages.

### DECISION

The trial court erred in determining that the extenuating circumstances here compelled modifying the city's discharge of Myers. It was correct in ruling that the board did not have jurisdiction to decide the issue of back wages.

Affirmed in part and reversed in part.