Eddie BOLDEN, Appellant,

v.

**HENNEPIN COUNTY BOARD OF COMMISSIONERS,**
**Respondent.**

No. C3–93–557.

Court of Appeals of Minnesota.

Aug. 10, 1993.

Judith K. Schermer, Schermer & Altman, Minneapolis, for Eddie Bolden, appellant.

Michael O. Freeman, Hennepin County Atty., Sara E. Wahl, Sr. Asst. County Atty., Minneapolis, for Hennepin County Bd. of Com'rs, respondent.

Considered and decided by RANDALL, P.J., and CRIPPEN and HARTEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's denial of his petition for a writ of mandamus, respecting payment of overtime wages lost during the pendency of a dispute over respondent's decision to reassign him to a shorter work week. We affirm.

## FACTS

Appellant Eddie Bolden is an honorably discharged veteran, and has been employed by Hennepin County since 1985. Following an allegation of sexual misconduct, the county notified appellant in April 1992 that it intended to discharge him from employment.

Appellant requested a veteran's preference hearing. The county then reassigned appellant to light duty, restricted to 56 hours per pay period. Because appellant held a ".7" position, his normal two-week pay period was 56 hours, so the restriction only resulted in preventing him from working overtime.

A veterans preference hearing was held on several days late in 1992 before an administrative law judge. Following the administrative hearing, but before the administrative law judge released a decision, appellant sought a trial court writ of mandamus to recover overtime wages not received during the pendency of the veterans preference proceeding. He claimed that he historically earned substantial amounts of overtime, and would have continued to earn overtime had he not been disciplined.

The trial court denied appellant's petition, stating that the right to any wages beyond his normal two-week base of 56 hours should be considered by the administrative law judge. The court also ruled that appellant had failed to show a "clear and complete right" to the relief demanded, due to the speculative nature of the evidence supporting his claims of lost overtime.

## ISSUE

Is there an adequate remedy at law for recovery of wages not received during the pendency of a veteran's preference hearing?

## ANALYSIS

The Veterans Preference Act, Minn.Stat. § 197.46 (1992), prohibits removal of veterans from state employment except for incompetency or misconduct. The act gives these employees, when discharged, the right to a veterans preference hearing. *Id.*

Minnesota courts have interpreted the statute to mean that "a veteran is entitled to compensation until he is formally discharged in accordance" with the statute. *Pawelk v. Camden Township*, 415 N.W.2d 47, 51 (Minn.App.1987).

Should abuse or mistake occur during veterans preference proceedings, the statute also provides that persons affected "shall be entitled to a writ of mandamus to remedy the wrong." Minn.Stat. § 197.46. But mandamus is not available "in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law." Minn.Stat. § 586.02 (1992); *see also State ex rel. Longman v. Kachelmacher*, 255 Minn. 255, 259, 96 N.W.2d 542, 546 (1959) (remedy of mandamus provided in Veterans Preference Act does not imply "anything more than the general principles of mandamus").

Although Minn.Stat. § 197.46 does not expressly grant veterans preference boards the authority to make decisions regarding back pay, the supreme court has recognized such authority. *See Leininger v. City of Bloomington*, 299 N.W.2d 723, 731 (Minn.1980) (remanding to Veteran's Preference Board for findings regarding back pay "to enable the Merit Board to act

on the compensation question").[1] Thus, the administrative law judge appropriately addressed back pay, and the Hennepin County Personnel Board has authority to decide the issue.[2] The board's decision may in turn be appealed in judicial proceedings. Minn.Stat. § 197.46. Thus, the trial court correctly ruled that an adequate remedy exists, such that mandamus is not available here.

The trial court also observed that mandamus is inappropriate where a "clear and complete right" to relief has not been established. *Longman*, 255 Minn. at 258, 96 N.W.2d at 545 (quoting *State ex rel. Goar v. Hoffman*, 209 Minn. 308, 310, 296 N.W. 24, 25 (1941)). We need not examine this determination, since this case may be decided on the basis of an existing alternative to mandamus relief.

### DECISION

The trial court correctly ruled that the issue of back pay may be decided in veterans preference administrative proceedings, so that mandamus is not available to compel such payment prior to the final administrative decision.

**Affirmed.**

---

1. Although in a prior opinion this court concluded an award of back wages was "beyond" the authority of the Veterans Preference Board, *Meyers v. City of Oakdale*, 461 N.W.2d 242, 245 (Minn.App.1990), there we did not address *Leininger*'s impact on this issue. We conclude *Leininger* is binding precedent and decide this case accordingly.

2. The administrative law judge found that appellant's employer, the county board of commissioners, nevertheless did not meet its burden of showing that misconduct occurred. Although the administrative law judge did find that appellant engaged in an "inappropriate social relationship" with a client of the facility where he worked. The judge recommended that the county personnel board reinstate appellant, and reimburse him for lost overtime, but did not calculate a specific amount. On July 20, 1993, this court received notice that the board ruled on appellant's case without deciding the back pay issue. Notwithstanding the occurrence of this decision, the law of the case established in this opinion is expected to determine the ultimate means of resolving appellant's overtime claim.